[Civ. No. 17936.   Second Dist., Div. Two.   Oct. 11, 1950.]

DAVID S. MAYNARD, Appellant, v. DR. R. O. BULLIS, Respondent.

George Goldman for Appellant.

Fulcher & Wynn for Respondent.

WILSON, J.—Plaintiff has appealed from an order dismissing the action and from an order denying his motion to reconsider and vacate the order of dismissal. He has purportedly appealed from an order denying his motion for a continuance of the trial.*

The complaint in the action was filed on February 11, 1949, and defendant's answer thereto was filed on March 3. The case was set for trial on February 8, 1950. On October 26, 1949, the motion of plaintiff's counsel for leave to withdraw from the case, for the reason that differences had arisen between plaintiff and his counsel relative to the conduct and prosecution of the action, was granted and thereafter plaintiff appeared in propria persona. On December 2, 1949, notice of trial was served upon plaintiff. Shortly thereafter a representative of defendant's counsel called at plaintiff's residence and personally advised him of the date on which the case had been set for trial and inquired whether he would be ready for trial at that time. Plaintiff's answer was both profane and noncommittal. On February 7, 1950, the day immediately preceding the trial date, plaintiff's present attorney, Mr. Goldman, telephoned to defendant's counsel and requested a continuance of the trial in order that he might have time to make preparations therefor. His request was refused.

When the case was called for trial Mr. Goldman stated to the court that plaintiff was personally present in the courtroom and that he, Goldman, held a document executed by plaintiff appointing Goldman as plaintiff's attorney but he did not intend to file it unless a continuance of the trial could be had. The court stated that no sufficient showing of grounds for continuance had been made and denied the same. Upon motion of defendant's attorney an order was made dismissing the action.

Thereafter a substitution of Mr. Goldman as attorney of record for plaintiff was served and filed together with a notice of motion to reconsider and vacate the order of dismissal, pursuant to section 473 of the Code of Civil Procedure. The affidavits accompanying the notice of motion do not make

---

*Appellant's brief does not conform with rule 15(a) of Rules on Appeal (22 Cal.2d 12) in that his statements of matters contained in the record are not supported by appropriate references to the record.

any showing of mistake, inadvertence, surprise or excusable neglect. Plaintiff states in his affidavit that after the date on which his former counsel withdrew from the case he consulted numerous attorneys and law firms in regard to the case (in his brief he names eight different attorneys) "but that each of them refused to represent him therein." The other affidavits do not purport to set forth any reason for a continuance of the trial or for the vacation of the order of dismissal.

The granting or refusing of a continuance of a trial is a matter within the sound discretion of the court and if not unreasonable or arbitrary it will not be disturbed on appeal. (*Estate of McCarthy*, 23 Cal.App.2d 395 [73 P.2d 913].)

Where a party has had actual knowledge that his case is set for trial for a certain time and appears at that time he is not entitled to a continuance in the absence of a showing that he has not had such knowledge long enough to enable him to properly prepare. In each such case it is a question for the discretion of the trial court. (*Sheldon* v. *Landwehr*, 159 Cal. 778, 782 [116 P. 44].) In the instant case plaintiff had had written and oral notice of trial more than two months prior to the trial date. The fact that eight attorneys had refused to represent him is not a ground for continuance of the trial. No justification was advanced by affidavit or otherwise for the postponement of the trial under section 594a or section 595 of the Code of Civil Procedure or under rule 11 of the Judicial Council Rules for Superior Courts (33 Cal.2d 6), nor was any showing made upon which the court would have been justified in granting plaintiff's motion to reconsider and vacate the order of dismissal.

The order denying a continuance of the trial is not appealable. (*Estate of McCarthy, supra.*)

The order of dismissal and the order denying plaintiff's motion to reconsider and vacate the order of dismissal are affirmed. The purported appeal from the order denying a continuance of the trial is dismissed.

Moore, P. J., and McComb, J., concurred.