[Civ. No. 23985.   Second Dist., Div. Two.   Dec. 22, 1959.]

JAMES R. GIVENS, Appellant, v. DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL et al., Respondents.

Edwin J. Wilson for Appellant.

Stanley Mosk, Attorney General, and Warren H. Deering, Deputy Attorney General, for Respondents.

FOX, P. J.—Petitioner's on-sale beer license was ordered revoked. He sought a writ of mandate to set aside this order. From an adverse judgment, he has appealed.

Givens was a café proprietor in Long Beach in connection with which he had an on-sale beer license. On May 17, 1957, an accusation was filed with the Department of Alcoholic Beverage Control, hereinafter referred to as the Department, charging petitioner with violations of section 24200, subdivisions (a) and (b), and section 25601, Business and Professions Code.[1] On May 20 petitioner was duly served and on May 23 he filed a notice of defense to the accusation. On June 3 the Department served upon petitioner a notice that the hearing on the accusation would be held on July 18, 1957, and further advised petitioner that he "may be but need not be represented by counsel." Givens appeared at the hearing without counsel and made an unsupported oral motion for a continuance on the ground that his attorney was engaged in trial and would not be available for several days. Petitioner's motion for a continuance was denied and the hearing proceeded. The hearing officer found the allegations of the accusation to be true and recommended revocation of petitioner's license. This recommendation was approved by the Department. Petitioner then appealed to the Alcoholic Beverage Control Appeals Board, which affirmed the decision of the Department. Thereupon petitioner filed a petition for a writ of mandate to set aside the order of revocation. It is from the ensuing judgment denying him relief that petitioner appeals.

---

[1] Section 24200 provides: "The following are the grounds which constitute a basis for the suspension or the revocation of licenses:

(a) When the continuance of a license would be contrary to public welfare or morals; but proceedings under this section upon this ground are not a limitation upon the department's authority to proceed under Article XX, Section 22, of the Constitution.

(b) Except as limited by Chapters 11 and 12 of this division, the violation or the causing or the permitting of a violation by a licensee of this division, any rules of the board adopted pursuant to Part 14 of Division 2 of the Revenue and Taxation Code or any rules of the department adopted pursuant to the provisions of this division, or any other penal provisions of law of this State prohibiting or regulating the sale, exposing for sale, use, possession, giving away, adulteration, dilution, misbranding, or mislabeling of alcoholic beverages or intoxicating liquors."

Section 25601 provides: "Every licensee, or agent or employee of a licensee, who keeps, permits to be used, or suffers to be used, in conjunction with a licensed premises, any disorderly house or place in which people abide or to which people resort, to the disturbance of the neighborhood, or in which people abide or to which people resort for purposes which are injurious to the public morals, health, convenience, or safety, is guilty of a misdemeanor."

Two questions are presented: (1) Was Givens accorded due process in the administrative hearing; and (2) was the decision of the hearing officer supported by his findings of fact?

Givens argues that he was denied a fair hearing due to the fact that the hearing officer refused to grant a continuance and he was thus without the aid of counsel of his choice in the subsequent proceedings. This major contention contains two separate arguments: (1) That Givens was denied the right to counsel of his choice; and (2) that the hearing officer abused his discretion in refusing to grant a continuance.

The first argument is devoid of merit for the reason that Givens was not denied the right to counsel; he was in fact notified of his right to employ and appear by counsel by the terms of the notice of hearing served upon him on June 3, 1957, some 46 days before the day set for the hearing. The notice of hearing, pursuant to section 11509 of the Government Code, stated in part: "You may be present at the hearing, *may be but need not be represented by counsel,* may present any relevant evidence, and will be given full opportunity to cross-examine all witnesses testifying against you." (Emphasis added.) No denial of this right by the hearing officer is revealed by the record. Rather, the action taken by the hearing officer was a refusal to grant a continuance. As a result of this ruling, Givens, who had failed to provide himself with counsel who could appear on the day of the hearing, was without counsel during the proceedings. Therefore, unless the refusal of the hearing officer to grant a continuance was an abuse of discretion, there was no denial of due process.

In such proceeding as this, there is no absolute right to a continuance. Section 11524 of the Government Code provides for continuances in such proceeding at the discretion of the hearing officer and for "good cause shown."

Moreover, there is no absolute right, even in a criminal trial, to be represented by a particular attorney, when this is made the grounds for a motion for a continuance. (*People* v. *Dowell,* 204 Cal. 109 [266 P. 807], cert. den. 278 U.S. 660 [49 S.Ct. 7, 73 L.Ed. 568]; *People* v. *Manchetti,* 29 Cal.2d 452, 458 [175 P.2d 533]; *People* v. *Shaw,* 46 Cal.App.2d 768, 774 [117 P.2d 34].) Since the only showing made by Givens in support of his motion was his oral statement that his attorney was engaged elsewhere, the refusal of the hearing officer to grant the motion was not an abuse of discretion, and may not be disturbed on appeal. (*Schlothan* v. *Rusalem,*

41 Cal.2d 414, 417 [260 P.2d 68]; *Mann* v. *Pacific Greyhound Lines,* 92 Cal.App.2d 439, 445 [207 P.2d 105]; *Maynard* v. *Bullis,* 99 Cal.App.2d 805, 807 [222 P.2d 685].)

We come now to a consideration of the second question presented by this appeal: whether or not the decision of the hearing officer is in conflict with his findings of fact. Givens does not contend that the findings are not supported by the evidence in the light of the whole record. However, he does urge that the findings do not support the determination that he was guilty of a violation of sections 24200, subdivision (a), and 24200, subdivision (b), and section 25601 of the Business and Professions Code. (See note, *supra.*) Givens argues that the findings of the hearing officer show that he made *reasonable* attempts to control his customers and that he neither permitted nor consented to any of the violations which occurred on the premises and which the hearing officer set forth in the findings as the basis of the revocation of his license. Givens points out that the hearing officer found as a fact that: ". . . respondent [Givens] has tried to keep the disturbances down and tried to prevent persons from bringing in wine and whiskey and starting fights but that the rough element frequenting this business will often start a fight if they are told not to bring whiskey in, not to dance, etc." However, the hearing officer also found as facts that: (1) the premises were frequented by pimps, prostitutes and narcotics peddlers; (2) the premises were frequented by intoxicated persons and by persons using lewd and profane language; (3) fights frequently occurred on the premises; (4) the premises were the scene of a murder growing out of a fight; and (5) the "respondent suffered the aforesaid activities and conditions to occur and exist on said premises and did thereby suffer and keep said premises as a disorderly house and a place to which people abided and to which people resorted to the disturbance of the neighborhood and for purposes injurious to the public morals, health, convenience and safety."

It is clear that, although Givens made some effort to control the conditions which led to the revocation of his license, these efforts were largely unsuccessful. Obviously, more strenuous enforcement measures were required than those provided by Givens, who testified that he employed "a boy" and "two girls" to help keep order and that on several occasions he had called the police when a disturbance got out of hand. By his own admission, he was not able to keep order among the patrons of his establishment, and yet he testified

that he had not sought the help of the Long Beach Police Department in correcting the over-all conditions. The hearing officer found that Givens had "*suffered* the aforesaid activities and conditions to occur and exist." (Emphasis added.)

As used in this sense and in the context of section 25601 of the Business and Professions Code, "suffered" means to permit, allow, or not to forbid activities which constitute the premises a "disorderly house." Since an on-sale licensee has an affirmative duty to maintain properly operated premises (*Fromberg* v. *Department Alcoholic Beverage Control,* 169 Cal.App.2d 230, 234 [337 P.2d 123]), and since acquiescence is nonetheless permission or sufferance within the purview of section 25601 (*Swegle* v. *State Board of Equalization,* 125 Cal.App.2d 432, 438 [270 P.2d 518]), Givens failed to perform his statutory duty. The law requires more than that a licensee make some colorable efforts toward the maintenance of lawfully conducted premises. The law demands that he in fact so conduct his business that it meets the minimum requirements of decency and morality. If, as in this present case, the overwhelming evidence shows that the tavern is in fact a "disorderly house," there can be but one conclusion: that the licensee has permitted or suffered such a condition to exist. It can not be said that a licensee who has maintained a "disorderly house" through unwillingness or inability to properly manage his business, should nevertheless be allowed to continue to exercise his privilege of selling intoxicants simply because he has shown that he has made some affirmative, but ineffective, efforts to control the situation. Thus the finding that Givens "tried to keep the disturbances down" is not inconsistent with a determination that he "suffered" his premises to be operated in a disorderly fashion.

It is clear, therefore, that the trial court correctly concluded that Givens had been accorded due process in the conduct of the hearing; that the Department properly determined that there were ample grounds for the revocation of petitioner's license; and that the findings support the decision.

The judgment is affirmed.

Ashburn, J., and Herndon, J., concurred.