[Civ. No. 35266. First Dist., Div. Four. Feb. 3, 1975.]

LEONARD J. PETRUCCI, Plaintiff and Appellant, v.
BOARD OF MEDICAL EXAMINERS et al.,
Defendants and Respondents.

**Counsel**

Carlson, Collins & Calhoun and Robert Collins for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and Louis C. Castro, Deputy Attorney General, for Defendant and Respondent.

## OPINION

**EMERSON, J.*—**Appellant's license to practice medicine in California was revoked by the Board of Medical Examiners (Board) after a hearing in its case No. D-1082. He petitioned the superior court for a writ of administrative mandamus to review the Board's decision. Upon the hearing of the petition the court entered a judgment denying the writ, from which appellant takes this appeal.

■ He first attacks the sufficiency of the evidence to support the findings of the trial court.

The accusation filed by the Board in the instant case consisted of nine causes of action. The first was an allegation that appellant had previously been convicted of violating two sections of the Health and Safety Code. The trial court's finding that this allegation was supported by the weight of the evidence cannot be questioned, since the record shows that appellant pleaded guilty to the offenses and was sentenced as charged by the accusation.

The remaining eight causes of action charged, with reference to some five different persons, that appellant wrote false and fictitious prescriptions purporting to be for said persons and prescribing dangerous drugs; that by means of said prescriptions appellant obtained and had in his possession such drugs. As to seven of the eight charges, the trial court found them to be supported by the weight of the evidence.

■ The independent judgment rule must be applied by the trial court in reviewing administrative findings in a case such as this. If a vested right is involved and the determination is by an administrative agency lacking judicial powers, the independent judgment rule should be invoked by the trial court and the evidence should be weighed. (See *Bixby* v. *Pierno* (1971) 4 Cal.3d 130 at pp. 139-140 [93 Cal.Rptr. 234, 481 P.2d 242].) It has been held that the Board of Medical Examiners does not exercise judicial functions, and that revocation of a professional license involves deprivation of a vested right. Hence, the sufficiency rule applicable in the instant case is that of independent judgment pursuant to Code of Civil Procedure section 1094.5, subdivision (c). (See *Dare* v. *Bd. of Medical Examiners* (1943) 21 Cal.2d 790, 794-796 [136 P.2d 304].)

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

In cases where the court is authorized to exercise its independent judgment on the evidence, abuse of the agency's discretion is established if the court determines that the findings are not supported by the weight of the evidence. (Code Civ. Proc., § 1094.5, subd. (c).) Thus, under the independent judgment rule, the trial court must weigh the evidence and make its own determination as to whether the administrative findings are sustained. It is not disputed that the trial court herein exercised its independent judgment and weighed the evidence.

Where an appeal is taken from the superior court's decision, the reviewing court gives the lower court's judgment the same effect as if it were rendered in any ordinary trial in that court. "In other words, on appeal the question is not whether the administrative determination was supported by the weight of the evidence, but whether, disregarding all contrary evidence, there is substantial evidence in support of the *trial court's findings.*" (5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 217 at p. 3974.)

Testimony was received to the effect that none of the five persons referred to in the charges ever saw the prescriptions purportedly written for them and that they never received the drugs called for therein. Appellant admitted writing all of the prescriptions.

The evidence showed, and the court found, that each of the false prescriptions was written by appellant and that each was written and intended for appellant's wife; that thereby appellant obtained and possessed the respective drugs. Appellant's contention that the findings of the trial court are not supported by substantial evidence is not well taken.

Appellant next presents a series of arguments based on the doctrine of double jeopardy, the rule against multiple prosecutions and the rule regarding compulsory joinder as enunciated in *Kellett* v. *Superior Court* (1966) 63 Cal.2d 822 [48 Cal.Rptr. 366, 409 P.2d 206].

At the times when the above referred to false prescriptions were discovered there was pending before the Board an earlier accusation against appellant numbered D-981. Appellant contends that the complaint filed by the Board in case No. D-981 should have been amended to include the charges contained in the present accusation, relying on the following language in *Kellett:* "When, as here, the prosecution is or should be aware of more than one offense in which the same act or

course of conduct plays a significant part, all such offenses must be prosecuted in a single proceeding unless joinder is prohibited or severance permitted for good cause. Failure to unite all such offenses will result in a bar to subsequent prosecution of any offense omitted if the initial proceedings culminate in either acquittal or conviction and sentence." (*Kellett* v. *Superior Court, supra,* 63 Cal.2d 822 at p. 827.)

*Kellett,* however, is clearly distinguishable from the instant case. It is, to begin with, a criminal case. It is well established that administrative proceedings are civil rather than criminal in nature. This is also true of disciplinary proceedings to revoke a professional license. (2 Cal.Jur.3d, Administrative Law, § 143 at p. 365.)

*Kellett* is also factually distinguishable from the case at bench. In *Kellett* the petitioner was successively prosecuted for offenses arising out of a course of indivisible conduct. In the present case, the charges in case No. 1082 were completely separate and unrelated to the conduct charged in case No. 981, having occurred at different times and places and with different persons. It must be concluded that the charges in the instant case do not fall within the scope of compulsory joinder as set forth in *Kellett* and do not constitute multiple prosecution.

■ Appellant's claim of double jeopardy arises from the fact that the first cause of action of the instant accusation charges him with having previously been convicted in a criminal proceeding of two violations of the narcotic laws.

The point is without merit. Business and Professions Code section 2384 specifically provides for the revocation of a doctor's license where the doctor has, as here, been convicted of narcotics violations. See also *Shakin* v. *Board of Medical Examiners* (1967) 254 Cal.App.2d 102, 110 [62 Cal.Rptr. 274, 23 A.L.R.3d 1398], wherein the court stated that ". . . an administrative hearing to revoke or suspend a professional license is not a criminal procedure or governed by criminal legal precedents." It may, therefore, be concluded that the double jeopardy provisions of the Fifth Amendment should not be deemed applicable in the present case.

Appellant's final contentions deal with his claims that the hearing officer was guilty of prejudicial misconduct. His treatment of this subject is largely argumentative and in the main is unsupported by citation of authorities. Under such circumstances we need not consider the claims. (See 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 425 at p. 4391.) We

have nonetheless reviewed each of the instances of alleged misconduct set forth by appellant. We agree with the trial judge, who specifically concluded that appellant received a fair hearing.

The judgment is affirmed.

Caldecott, P. J., and Rattigan, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 2, 1975.