[Civ. No. 59581. Second Dist., Div. Five. Mar. 9, 1981.]

AARON LAX, Plaintiff and Appellant, v.
BOARD OF MEDICAL QUALITY ASSURANCE,
Defendant and Respondent.

COUNSEL

Joseph Shemaria and Joseph F. Walsh for Plaintiff and Appellant.

George Deukmejian, Attorney General, and Suzi Tanguay, Deputy Attorney General, for Defendant and Respondent.

## OPINION

**OLDER, J.***—Appeal from a judgment of the superior court denying a petition for a peremptory writ of mandate filed by appellant Aaron Lax, a medical doctor, and dissolving a stay of the decision of the Board of Medical Quality Assurance (the Board) revoking appellant's certificate to practice as a physician and surgeon in the State of California.

Appellant was convicted in the United States District Court on March 17, 1977, of four felony counts of possessing and distributing cocaine, a controlled substance. Appellant appealed the conviction and the United States Court of Appeals for the Ninth Circuit affirmed the judgment of conviction, subject to a sentence modification.

Thereafter, the Board initiated disciplinary proceedings against appellant under the Business and Professions Code. Following a hearing the administrative law judge rendered a proposed decision revoking appellant's certificate to practice and the Board adopted that decision. The decision of the Board was based on appellant's conviction of distributing cocaine.

In this appeal appellant contends that he was denied due process at the administrative hearing by the refusal of the Attorney General to disclose the whereabouts of a material witness, Leonard Grossman, and the Board's refusal to produce Grossman at the hearing. Appellant contends further that the refusal of the administrative law judge to grant appellant's request for a continuance was an abuse of discretion. The issue presented is whether the Board so controlled the administrative proceeding that appellant was deprived of the opportunity of presenting material evidence at the license revocation hearing. We conclude that it did not and the judgment must be affirmed.

At the administrative hearing the Board's case against appellant consisted of documentary evidence from the federal trial and appellate courts of appellant's conviction and its finality. The Board called no witnesses. Appellant testified in his own behalf at the Board hearing.

Prior to the introduction of evidence appellant made a motion for a continuance which was denied. The basis for the motion was that appel-

---

*Assigned by the Chairperson of the Judicial Council.

lant had been assured by the Attorney General that either he would be given Grossman's address so that he could be subpoenaed, or that Grossman would be produced at the hearing for interview by appellant. The reason for the requested continuance, according to appellant, was to permit him to file a petition in the superior court to compel discovery as provided in Government Code section 11507.7 in order to obtain Grossman's address. Grossman testified against appellant in the federal trial and was the government's principal witness.

Appellant's counsel made an offer of proof at the Board hearing concerning Grossman's expected testimony. The substance of the offer was that Grossman would testify to a long physician-patient relationship with appellant during which appellant treated him for various problems; that Grossman had telephoned appellant hundreds of times to induce appellant to sell him cocaine; that Grossman had been convicted of selling cocaine; and that Grossman would testify "to various admissible acts reflecting upon his veracity, or lack thereof; more particularly his lack thereof so that the administrative law judge could assess his credibility." Appellant's counsel stated further, ". . . it may well be that he would come in here and admit to how he was being - he claimed to be - to have a necessity for cocaine." After making the offer of proof, appellant's counsel said, "However, I don't know what Leonard Grossman would testify to at this time." The administrative law judge asked appellant's counsel, "If he's produced tomorrow morning, what's your position counsel? Would you like to call him as a witness?" Appellant's counsel replied, "I'd like to interview him, see if he wants to tell it like it really was, and find out just what his testimony would be. . . ."

Appellant's counsel contended at the hearing that although Grossman's address had been requested by appellant on July 29, 1977, the Attorney General never gave him a written reply. Later in his argument appellant's counsel stated to the judge that he never expected to obtain Grossman's address because Grossman was a federal informant, and that he knew the Attorney General could never get Grossman's address, notwithstanding that the motion for continuance was made on the ground that it was necessary in order to afford appellant an opportunity to file a petition to compel discovery from the Attorney General as to Grossman's address.

Before ruling on the motion for continuance the judge took testimony under oath from all attorneys involved in the case. Deputy Attorney General Levin testified that he was in charge of the case until January

1978 and that he did not give appellant Grossman's address "...because I do not know to this day what his address is." Levin testified that he complied with appellant's discovery request by providing him with the names and addresses of witnesses to the extent known to him. Regarding appellant's contention that there was an agreement with the Attorney General that Grossman would be present at the hearing, Levin testified that he never made any such agreement concerning Grossman's presence either at or before the trial, and that no such request was ever made by appellant.

Deputy Attorney General Tanguay testified that she was assigned to the case in January 1978; that the only conversation she had with appellant's counsel regarding Grossman's address was the day before the hearing when she informed counsel she did not have the address and that Grossman could be reached through his counsel, Gordon Rose; that she arranged to have a subpoena for Grossman delivered to Rose so that Grossman would be on call as a rebuttal witness; that during a recess at the Board hearing Rose stated to her that he would not produce Grossman as a witness for appellant because Grossman was fearful for his life and the lives of his children living with him.

Appellant's counsel, Joseph Shemaria, testified that he never expected to receive Grossman's address and that Deputy Attorney General Tanguay "...never indicated to me that - she never refused or failed to give me Grossman's address... She never specifically promised to deliver his address. I knew she couldn't make such a promise." Shemaria testified further to a conversation with Tanguay during which Tanguay told him that she would introduce tapes through an agent, Jennings, and would not call Grossman to testify.

According to appellant, Grossman's testimony was necessary to appellant's case for three reasons: (1) As evidence in mitigation that might affect the penalty imposed by the Board; (2) as evidence of entrapment as a defense to the disciplinary proceeding before the Board; and (3) as evidence bearing on the question of appellant's unprofessional conduct.

It is obvious from the offer of proof made by appellant's counsel that appellant could have testified to any matter referred to in the offer of proof in mitigation of penalty. Appellant did testify to certain matters referred to in the offer, but failed to testify to others. Appellant fails to explain how the testimony of the key prosecution witness in the federal

criminal proceeding resulting in his conviction on four felony counts could benefit him in the Board hearing.

■ Appellant's claim of entrapment appears to be an attempt to impeach the federal judgment of conviction. Although entrapment is a defense to charges of unprofessional conduct under certain circumstances (see *Patty* v. *Board of Medical Examiners* (1973) 9 Cal.3d 356 [107 Cal.Rptr. 473, 508 P.2d 1121, 61 A.L.R.3d 342]), and the doctrine of collateral estoppel generally is not applicable in administrative proceedings, where the statute provides that a conviction constitutes a sufficient basis for administrative disciplinary action the respondent may not impeach the judgment of conviction. (*Christensen* v. *Orr* (1969) 275 Cal.App.2d 12 [79 Cal.Rptr. 656]; *Murrill* v. *State Board of Accountancy* (1950) 97 Cal.App.2d 709 [218 P.2d 569].) In the instant case the Board's decision is based specifically on appellant's unprofessional conduct arising out of his felony conviction, pursuant to the authority given the Board under Business and Professions Code sections 490, 2383 and 2384. Section 2384 makes the record of conviction conclusive evidence of such unprofessional conduct.

■ Government Code section 11524 provides for continuance in this type of proceeding at the discretion of the hearing officer and for good cause shown. (*Givens* v. *Dept. of Alcoholic Bev. Control* (1959) 176 Cal.App.2d 529 [1 Cal.Rptr. 446]; *County of San Bernardino* v. *Doria Mining & Engineering Corp.* (1977) 72 Cal.App.3d 776 [140 Cal.Rptr. 383].)

Discovery in administrative proceedings is provided for in Government Code sections 11507.6 and 11507.7. Section 11507.7 provides that any party claiming his request for discovery pursuant to section 11507.6 has not been complied with may serve and file a petition to compel discovery in the superior court. The petition shall be filed within 15 days after the respondent party first evidenced his failure or refusal to comply with section 11507.6 or within 30 days after request was made and the party has failed to reply to the request, whichever period is longer.

Appellant's request for discovery, introduced at the hearing in November 1978, was dated July 29, 1977. In the request he specifically requested Grossman's address. Appellant contended at the hearing that respondent failed to reply to his request. If true, appellant should have filed his petition to compel discovery in the superior court no later than August 29, 1977. As of the date of the hearing, November 14, 1978,

appellant had failed to file such a petition. Appellant's failure to pursue the statutory remedy is tantamount to a waiver of any right to a continuance to permit him to file such a petition.

Appellant has been represented by counsel at every stage of the proceeding. He was represented by the same counsel in the criminal proceeding. Counsel was intimately familiar with the facts of the case and had ample time and opportunity to prepare his case. The accusation initiating the administrative proceeding was served on appellant on May 11, 1977. The hearing at which appellant sought a continuance commenced on November 14, 1978. There is no evidence that appellant made any effort whatever to subpoena Grossman or to arrange through his attorney for Grossman's appearance before or at the Board hearing. No good cause was shown and there was no abuse of discretion in denying a continuance.

■ Appellant next contends that he was denied due process at the Board hearing because the respondent Board did not produce Grossman at the hearing.

Apart from pure speculation on the part of appellant there is no reason for believing that Grossman was a material witness on any subject that could have benefitted appellant at the Board hearing. There is no evidence that, if called to testify, Grossman would have testified any differently than he did in the criminal trial when his testimony was instrumental in bringing about appellant's conviction. Nor is there any evidence that counsel for respondent Board knew Grossman's address. Appellant concedes in his brief that he did not expect to obtain Grossman's address from counsel for respondent, and that in fact he knew counsel for respondent could not obtain such address. Appellant made no attempt to subpoena Grossman through his attorney, although he was aware that respondent had attempted to effectuate service in the same manner.

■ The Board had no duty to produce Grossman before or at the hearing. An administrative hearing to revoke a professional license is a civil proceeding, not a criminal proceeding governed by criminal legal precedents. (*Petrucci* v. *Board of Medical Examiners* (1975) 45 Cal. App.3d 83 [117 Cal.Rptr. 735], hg. den.; *Shakin* v. *Board of Medical Examiners* (1967) 254 Cal.App.2d 102, 110 [62 Cal.Rptr. 274, 23 A.L.R.3d 1398], hg. den.) Even under criminal standards the Board would have no duty to produce a witness. (*Eleazer* v. *Superior Court*

(1970) 1 Cal.3d 847 [83 Cal.Rptr. 586, 464 P.2d 42].) Appellant was not deprived by respondent of the opportunity to seek out or obtain the presence of a material witness. (See, *Bellizzi* v. *Superior Court* (1974) 12 Cal.3d 33 [115 Cal.Rptr. 52, 524 P.2d 148].) Appellant's reliance on *People* v. *Kiihoa* (1960) 53 Cal.2d 748 [3 Cal.Rptr. 1, 349 P.2d 673], is misplaced. In *Kiihoa* the narrow question presented was whether a fair trial has been denied where the prosecution is allowed to arrange to withhold prosecution of a suspect during such time as a material witness might be available, and to proceed to trial only when that witness is believed to be out of the jurisdiction and not available to testify. In the instant case there was no delay by the Board of the disciplinary proceeding for any ulterior purpose. There is no evidence that respondent knew how Grossman could be reached, other than through his counsel. The identity of Grossman's counsel was known to appellant.

The judgment is affirmed.

Stephens, Acting P. J., and Hastings, J., concurred.