[No. B156925. Second Dist., Div. Five. Aug. 6, 2002.]

CMPB FRIENDS, INC., Petitioner, v.
ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD, Respondent;
MANUEL ESPINOZA, as Director, etc., Real Party in Interest.

**COUNSEL**

Law Offices of Joshua Kaplan and Joshua Kaplan for Petitioner.

Bill Lockyer, Attorney General, Elizabeth Hong and Michelle Logan-Stern, Deputy Attorneys General, for Respondent.

No appearance for Real Party in Interest.

**OPINION**

**MOSK, J.**—Petitioner CMPB Friends, Inc., doing business as the Royal Room (petitioner), seeks review of a final order of the Alcoholic Beverage Control Appeals Board (Board) affirming a decision of the Department of Alcoholic Beverage Control (Department) to suspend petitioner's on-sale liquor license for 10 days. The suspension arises from petitioner's alleged

violation of Business and Professions Code section 25665[1] by permitting a minor to enter and remain on a public premises licensed by the Department. We hold that the Department's finding that a 10-minute period of time passed before petitioner checked the identification of the minor, without more, does not compel the conclusion that petitioner violated section 25665. Therefore, we reverse the decision and remand the matter to the Department for further proceedings consistent with the views expressed in this opinion. (§ 23090.3.)

### FACTS AND PROCEDURAL HISTORY

The Royal Room is a bar that has a license to and does serve alcoholic beverages. On June 15, 2000, at approximately 10:45 p.m., a 20-year-old woman named Celeste Jimenez entered petitioner's Royal Room with friends and sat at a table. At the time, there were between 40 and 60 patrons in the bar. Ms. Jimenez testified that she noticed only one waitress on duty. That waitress stated that she first noticed Ms. Jimenez as Ms. Jimenez walked through the premises to the back of the room. The waitress then asked Ms. Jimenez for identification. Ms. Jimenez said that this request took place "probably about ten minutes, maybe less," after she had been at the table. Ms. Jimenez further claimed that she showed the waitress her California identification card indicating that Ms. Jimenez was 20 years old. The waitress asserted that Ms. Jimenez produced the identification card of a Melissa Guzman, a person almost eight years older and 30 pounds heavier than Ms. Jimenez. After Ms. Jimenez explained that she had recently lost weight, the waitress accepted the identification as establishing Ms. Jimenez's age and asked for her drink order. Ms. Jimenez did not order anything.

Ms. Jimenez was permitted to remain in the bar and began drinking beer from a pitcher on a nearby table. Approximately 30 minutes later, two Department investigators, believing Ms. Jimenez appeared young, approached her and asked her age and for identification. Ms. Jimenez stated she was 20 years old. The investigators then took Ms. Jimenez outside and cited her for being a minor in a licensed public premises. The investigators found in her possession both her own identification card and the identification card for Ms. Guzman. The Department also filed an accusation against petitioner alleging that petitioner had violated section 25665, which section prohibits a licensee from permitting a minor to enter and remain on its premises without lawful business.

In its presentation to the administrative law judge appointed by the Department and to the Board, petitioner asserted as an absolute defense the

---

[1]All further statutory references are to the Business and Professions Code unless otherwise indicated.

provisions of section 25660.[2] That section states that a licensee's reliance upon a minor's presentation of bona fide identification showing that the minor is of age is a defense to proceedings for the suspension or revocation of a license for a violation of various sections of the Business and Professions Code, including section 25665. Petitioner suggested Ms. Jimenez's production of fake identification to the waitress precluded any finding that section 25665 was violated. The Department and the Board both held, however, that regardless of any eventual reliance on fake identification, petitioner violated section 25665 by permitting Ms. Jimenez to enter its premises and remain there for 10 minutes. Thus, the Department imposed a 10-day suspension of petitioner's license. We granted petitioner's request for review of that decision. (§ 23090.)

## STANDARD OF REVIEW

The court's review of a final order of the Board is limited to a determination of whether the Department has proceeded without or in excess of its jurisdiction; whether the Department has proceeded in the manner required by law; whether the Department's decision is supported by its findings; whether those findings are supported by substantial evidence; or whether there is relevant evidence which, in the exercise of reasonable diligence, could not have been produced or was improperly excluded at the hearing before the Department. (§ 23090.2.) ■ The court may not exercise its independent judgment on the evidence, and must accept findings of fact made by the Department as conclusive. (§§ 23090.2, 23090.3; *Kirby v. Alcoholic Bev. etc. App. Bd.* (1968) 261 Cal.App.2d 119, 122 [67 Cal.Rptr. 628].)

## DISCUSSION

■ The evidence underlying the Department's conclusion that petitioner violated section 25665 is undisputed. The parties agreed, and the Department therefore found, that Ms. Jimenez entered and remained in the Royal Room for 10 minutes before she was approached by a waitress and asked for identification demonstrating that she was 21 years of age or older. Relying on the 10-minute finding alone, the Department determined that "[petitioner], by its employees, was 'inactive or passive with respect to (its) [*sic*] affirmative duty to ascertain the age' of Ms. Jimenez." The Board then affirmed the Department's decision, also relying solely on the 10-minute finding. Accepting that finding as conclusive, the question then becomes

---

[2]Neither the Department nor the Board ruled upon petitioner's objection to the matter being heard by an administrative law judge appointed by the Department.

whether the finding supports the resulting decision to suspend petitioner's license for violating section 25665. (§§ 23090.2, subd. (c), 23090.3; see *Easebe Enterprises, Inc. v. Alcoholic Bev. etc. Appeals Bd.* (1983) 141 Cal.App.3d 981, 985 [190 Cal.Rptr. 678, 38 A.L.R.4th 332] [inquiry is limited to whether there is substantial evidence to support the decision]; *Department of Alcoholic Bev. Control v. Alcoholic Bev. etc. Appeals Bd.* (1981) 122 Cal.App.3d 549, 555, fn. 5, 557-558 [175 Cal.Rptr. 342].) We conclude that it does not.

Section 25665 provides that "[a]ny licensee under an on-sale license issued for public premises . . . who permits a person under the age of 21 years to enter and remain in the licensed premises without lawful business therein is guilty of a misdemeanor." The statute does not provide that a licensee automatically commits a violation when a minor is on the premises. The violation occurs only when the licensee "permits" a minor not only to "enter" the licensed premises, but also to "remain" on the licensed premises without lawful business therein. (§ 25665.) The issue is what constitutes permitting a minor to remain on the premises.

The term "permits" was interpreted by the court in *Ballesteros v. Alcoholic Bev. etc. Appeals Board* (1965) 234 Cal.App.2d 694 [44 Cal.Rptr. 633] (*Ballesteros*), to include apathetically allowing one who is later discovered to be a minor to remain on a premises without checking proof of age. In that case, an underage woman entered a bar with her husband and a group of friends, all over 21. The bar was dark and busy. The minor and her friends sat at a table at the opposite end of the room from the bar where the lone bartender was working. The minor's husband and two of her friends went to the bar to order drinks, including a soft drink for the minor. Because the bartender was familiar with the minor's husband and some members of the group the minor accompanied, having checked their identifications on prior occasions and determined they were of age, he served the requested drinks. The bartender did not approach the party's table or otherwise notice the minor's presence. "A few minutes" later, a police officer entered the bar, approached the minor's table, and determined that she was not yet 21. According to the minor, she had been in the bar for 10 minutes before the officer arrived. (*Id.* at pp. 696-699.) Based on those facts, the *Ballesteros* court found the bartender had been "inactive or passive" with respect to his duty to ascertain the minor's age, and so had, in effect, permitted the minor to remain on the premises for "at least ten minutes." (*Id.* at pp. 700-701.)

Focusing on the 10-minute time frame in which the police officer in *Ballesteros* determined that a violation of section 25665 had occurred, both

the Department and the Board applied that time frame to this case to find that petitioner had committed a similar violation. The Board in the instant case, however, impliedly recognizing that the 10-minute time frame was an arbitrary demarcation, stated in its decision, "While it may well be that, under appropriate circumstances, a [section] 25660 defense could be maintained where a minor entered a public premises and remained there for some minutes before the ID was checked, ten minutes is apparently too long." That application of *Ballesteros* was mistaken. The *Ballesteros* court did not establish a fixed period of time within which a violation of section 25665 must be found. The passage of 10 minutes before a licensee attempts to check a minor's identification is not, by itself, enough to warrant the conclusion that a section 25665 violation occurred. Instead, the import of the *Ballesteros* decision is that, in light of the particular facts of each case, a licensee may be found to have behaved so passively with regard to its affirmative duty to exclude minors from its premises that a violation is established.

In *Ballesteros*, *supra*, 234 Cal.App.2d 694, the bartender's failure to check the minor's identification within the 10 minutes the minor had been on the premises and the indication that he never would check the identification supported the determination of a violation. Here, in contrast, the evidence shows that the waitress did not allow Ms. Jimenez's presence in the Royal Room to go unnoticed and unchallenged. Rather, upon detecting Ms. Jimenez's presence, the waitress attempted to ensure that Ms. Jimenez was at least 21 years old. A question remains as to whether the waitress's efforts were reasonably diligent or were so tardy under the circumstances as to demonstrate that she, and therefore the licensee, permitted Ms. Jimenez to remain on the premises. There have been no findings on that issue. The matter must be remanded to the Department for further findings on the conduct of petitioner under all of the circumstances in this case. The sole finding that Ms. Jimenez was present in the Royal Room for 10 minutes is not enough to conclude that petitioner violated section 25665.

We do not suggest that licensees need not remain vigilant as to the ages of their patrons. As the court in *Ballesteros*, *supra*, 234 Cal.App.2d at page 700, correctly recognized, licensees bear an affirmative duty to ensure that minors are not permitted to enter and remain in their premises in violation of section 25665. (See also *Givens v. Dept. Alcoholic Bev. Control* (1959) 176 Cal.App.2d 529, 534 [1 Cal.Rptr. 446] ["[A]n on-sale licensee has an affirmative duty to maintain properly operated premises"]; *5501 Hollywood, Inc. v. Dept. Alc. Control* (1957) 155 Cal.App.2d 748, 753 [318 P.2d 820].) We simply hold that there is no set period of time in which a violation

occurs. In this case, when, apparently, one waitress was serving 40 to 60 patrons and took 10 minutes to observe and then approach a minor who entered the bar, those 10 minutes do not necessarily constitute an unreasonable amount of time within which to demand proof of age. In other circumstances, permitting the minor to remain in a public premises for 10 or fewer minutes may, based on all the evidence, be enough to establish a violation. Such a determination is a question of fact to be decided in each case.

The sufficiency of the number of employees necessary to check the identification of minors on or entering the premises may also be a factor in determining whether a licensee has permitted a minor to remain in the premises, especially if the premises frequently attracts minors or is crowded. A licensee cannot necessarily predict the number of patrons so as always to have staff sufficient to make an immediate check of identification. For example, in this case, the record shows that on the night in question, a large group came into the Royal Room from a theatrical school to celebrate a dress rehearsal. If that was such an unexpected and unusual influx of patrons as to make understandable a delay in observing and checking the identification of minors, that circumstance should be considered in determining whether a violation occurred. On the other hand, if it were demonstrated that petitioner generally lacked the staff necessary to check identification such that it was not unusual for minors to enter and remain on the premises, then the Department might be justified in finding that the licensee, in effect, permitted minors to remain on the premises.

■ We disagree with petitioner's argument that, regardless of the amount of time a minor has been permitted to enter and remain in a licensed public premises, a licensee's eventual reliance upon bona fide evidence suggesting the minor was at least 21 excuses any earlier violation of section 25665. A licensee must take prompt action to satisfy its duty to ensure that minors are not permitted to remain in its premises. (*Lacabanne Properties, Inc. v. Dept. Alcoholic Bev. Control* (1968) 261 Cal.App.2d 181, 188 [67 Cal.Rptr. 734]; *Ballesteros, supra,* 234 Cal.App.2d at p. 700.) A violation could occur before proof of age is requested. Later reliance on identification does not extinguish a violation that already occurred. It is for the Department to determine on the facts of each case whether the licensee has acted with reasonable diligence to prevent such a violation.

■ Finally, we do not accept petitioner's contention that the Department's use of an administrative law judge appointed by its director to consider the merits of cases the Department brings, coupled with what petitioner characterizes as limited judicial review as provided for in section

23090, violates petitioner's constitutional due process and equal protection rights. The California Constitution vests exclusive power in the Department, in accordance with laws enacted by the Legislature, to regulate the manufacture, importation, and sale of alcoholic beverages. The Department's power includes broad discretion to deny, suspend or revoke any specific alcoholic beverages license for good cause if the Department determines that permitting a party to hold a license would be contrary to public welfare or morals, or that the party has violated any law prohibiting conduct involving moral turpitude. (Cal. Const. art. XX, § 22; *Santa Ana Food Market, Inc. v. Alcoholic Beverage Control Appeals Bd.* (1999) 76 Cal.App.4th 570, 573 [90 Cal.Rptr.2d 523].) The Legislature has determined that the Department may properly delegate the power to hear and decide licensing issues to an administrative law judge appointed by the Department's director. (§ 24210, subd. (a).) Those administrative law judges must possess the same qualifications as are required for administrative law judges generally, and are precluded from presiding in matters in which they have an interest. (§ 24210, subd. (a); see, e.g., Gov. Code, §§ 11425.40, 11512, subd. (c).)

We cannot presume bias simply because the Department appointed the administrative law judge. (*Withrow v. Larkin* (1975) 421 U.S. 35, 47-58 [95 S.Ct. 1456, 1464-1470, 43 L.Ed.2d 712] [combination of investigative and adjudicative functions does not, without more, constitute a due process violation]; *McIntyre v. Santa Barbara County Employees' Retirement System* (2001) 91 Cal.App.4th 730, 735 [110 Cal.Rptr.2d 565] [mere fact that county retirement board selected and compensated hearing officers does not demonstrate bias]; see also *Department of Alcohol Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2002) 99 Cal.App.4th 880, 883-886 [121 Cal.Rptr.2d 729]; cf. *Haas v. County of San Bernardino* (2002) 27 Cal.4th 1017, 1026, 1030 [119 Cal.Rptr.2d 341, 45 P.3d 280] [presumption of impartiality of administrative hearing officer not applicable when officer appointed on an ad hoc basis has a financial interest in reappointment for future hearings].) The petitioner has not suggested any particular bias on the part of the administrative law judge in this case to warrant disqualification. Thus, petitioner was not deprived of a fair hearing because of the nature of the administrative law judge's appointment.

The administrative law judge's decision was subject to adequate review, first by the Board, the members of which are appointed by the Governor and confirmed by the Senate, and then by the court of appeal or the Supreme Court on a petition for review. (Cal. Const., art. XX, § 22; § 23090.) The provisions of the Business and Professions Code setting forth that method of obtaining judicial review have already been held to be constitutional. (*Dept.*

*of Alcoholic Bev. Control v. Superior Court* (1968) 268 Cal.App.2d 67, 74-75 [73 Cal.Rptr. 780].) The review system respondents implemented did not deprive petitioner of its rights of due process or equal protection.

DISPOSITION

The order suspending petitioner's on-sale license is reversed, and the matter is remanded to the Department for further consideration of the merits of the accusation consistent with this opinion. The temporary stay of the suspension order issued March 21, 2002, is dissolved. Costs of this proceeding are awarded to petitioner.

Armstrong, J., concurred.

**GRIGNON, Acting P. J.,** Dissenting.—The Department of Alcoholic Beverage Control (Department) suspended petitioner's on-sale alcoholic beverage license for 10 days because it determined petitioner had permitted a minor to remain in its bar for 10 minutes without checking the minor's identification in violation of the California Constitution, article XX, section 22, and Business and Professions Code section 25665.[1] The Alcoholic Beverage Control Appeals Board affirmed the decision of the Department. Our review of this suspension is limited to a review for substantial evidence. When the evidence and the reasonable inferences drawn from the evidence are stated in the light most favorable to the Department, the Department's suspension of petitioner's on-sale alcoholic beverage license must be upheld. It is not appropriate for the court of appeal to substitute its judgment for that of the Department. I would affirm the Department's suspension order.

PROCEDURAL BACKGROUND

On November 2, 2000, the Department filed an accusation against petitioner CMPB Friends, Inc., doing business as the Royal Room, a bar. The accusation alleged that petitioner, through its employee Jackie Wisniewfski, on June 15, 2000, permitted Celeste Jimenez, a minor, to enter and remain in the Royal Room in violation of section 25665. The accusation sought suspension of petitioner's license under article XX, section 22 of the California Constitution and section 24200, subdivisions (a) and (b),[2] on the grounds continuance of the license would be contrary to public welfare and

---

[1]All further statutory references are to the Business and Professions Code.

[2]Section 24200, subdivisions (a) and (b) provide as follows: "The following are the grounds that constitute a basis for the suspension or revocation of licenses: [¶] (a) When the

morals, and petitioner was in violation of section 25665. An administrative law judge of the Department found petitioner had violated section 25665 and ordered petitioner's liquor license suspended for 10 days. Petitioner appealed to the Alcoholic Beverage Control Appeals Board, which affirmed the decision of the Department. Petitioner filed a petition for writ of review with this court.

FACTS

At approximately 10:45 p.m. on June 15, 2000, Celeste Jimenez entered the Royal Room in Bellflower with some friends. She was part of a group of students from a nearby theatrical school, who frequently patronized the Royal Room following dress rehearsals of their productions. Jimenez sat at a table with three other students. Other students sat at other tables. Jimenez took beer from another table at which some of her group sat and drank it. There were approximately 40 to 60 patrons in the bar, and the only employees apparently present were a bartender and the waitress Jackie Wisniewfski. No one was at the door of the bar checking identifications. Wisniewfski had checked the identifications of members of the group previously and determined they were adults.

After Jimenez had been sitting at the table for 10 minutes, Wisniewfski approached her and requested to see her identification. Jimenez claimed to have shown the waitress her valid California identification card indicating she was 20 years old. Wisniewfski claimed Jimenez showed her the California identification card of Melissa Guzman indicating she was 27 years old. The administrative law judge did not resolve this conflict in the evidence. Shortly after the identification check by Wisniewfski, undercover Department investigators determined that Jimenez was underage.

The administrative law judge found that petitioner, through Wisniewfski, had permitted Jimenez to enter and remain in the bar for 10 minutes without checking her identification. The administrative law judge found that this 10-minute delay constituted a violation of section 25665.

continuance of a license would be contrary to public welfare or morals. However, proceedings under this subdivision are not a limitation upon the department's authority to proceed under Section 22 of Article XX of the California Constitution. [¶] (b) Except as limited by Chapter 12 (commencing with Section 25000), the violation or the causing or permitting of a violation by a licensee of this division, any rules of the board adopted pursuant to Part 14 (commencing with Section 32001) of Division 2 of the Revenue and Taxation Code, any rules of the department adopted pursuant to the provisions of this division, or any other penal provisions of law of this state prohibiting or regulating the sale, exposing for sale, use, possession, giving away, adulteration, dilution, misbranding, or mislabeling of alcoholic beverages or intoxicating liquors."

## DISCUSSION

*Constitutional and Statutory Scheme*

Regulation of the sale of alcoholic beverages in California is within the jurisdiction of the Department pursuant to both constitutional and statutory provisions. "[T]he Constitution vests the Department with broad discretion to revoke or suspend liquor licenses 'for good cause' if continuing the license would be 'contrary to public welfare or morals.' (Cal. Const., art. XX, § 22.) In the absence of a clear abuse of discretion, the courts will uphold the Department's decision to suspend a license for violation of the liquor laws." (*Provigo Corp. v. Alcoholic Beverage Control Appeals Bd.* (1994) 7 Cal.4th 561, 566 [28 Cal.Rptr.2d 638, 869 P.2d 1163].) "The Department of Alcoholic Beverage Control and the Alcoholic Beverage Control Appeals Board are constitutional agencies." (*Los Robles Motor Lodge, Inc. v. Dept. of Alcoholic Bev. Control* (1966) 246 Cal.App.2d 198, 204 [54 Cal.Rptr. 547].)

The courts have jurisdiction to conduct a limited review of orders of the Department. " '[T]he findings of the Department of Alcoholic Beverage Control must be sustained if they are supported by substantial evidence . . . .' " (*Lacabanne Properties, Inc. v. Dept. Alcoholic Bev. Control* (1968) 261 Cal.App.2d 181, 185 [67 Cal.Rptr. 734].) " 'Neither the appeals board nor the courts "may disregard or overturn a finding of fact of the Department . . . for the reason that it is considered that a contrary finding would have been equally or more reasonable." [Citation.] The function of an appellate court is likewise merely to determine whether the department's findings are supported by substantial evidence. [Citation.] In making that determination, this court must resolve all conflicts in the evidence in favor of the department's decision and indulge in all legitimate and reasonable inferences to support it. [Citation.]' " (*Ibid.*)

Sections 23090.2 and 23090.3 expressly limit review by the court of appeal of an order of the Department. Section 23090.2 limits review, in pertinent part, to whether: "(c) The decision of the department is supported by the findings. [¶] (d) The findings in the department's decision are supported by substantial evidence in the light of the whole record. [¶] . . . [¶] Nothing in this article shall permit the court to . . . exercise its independent judgment on the evidence." Section 23090.3 makes the factual findings and conclusions of the Department final: "The findings and conclusions of the department on questions of fact are conclusive and final and are not subject to review. Such questions of fact shall include ultimate facts and the findings and conclusions of the department."

Both the state Constitution and the Business and Professions Code prohibit the presence of minors in public drinking establishments. California Constitution, article XX, section 22 provides that "[n]o person under the age of 21 years shall be permitted to enter and remain in [public drinking establishments] without lawful business therein." This language was added to the section in 1956 together with provisions prohibiting the sale of alcohol to and the purchase of alcohol by minors. The purpose underlying these provisions is to protect minors from exposure to the harmful influences associated with the consumption of alcoholic beverages. (*Provigo Corp. v. Alcoholic Beverage Control Appeals Bd., supra,* 7 Cal.4th at p. 567.) "[C]onstitutional provisions 'must receive a liberal, practical common-sense construction which will meet changed conditions and the growing needs of the people. . . .' " (*Ibid.*) The construction must be consistent with the probable intent of the framers.[3] (*Provigo Corp.,* at p. 567.)

Section 25665, mirroring the constitutional language, provides: "Any licensee under an on-sale license issued for public premises, . . . who permits a person under the age of 21 years to enter and remain in the licensed premises without lawful business therein is guilty of a misdemeanor. Any person under the age of 21 years who enters and remains in the licensed public premises without lawful business therein is guilty of a misdemeanor . . . ."

These constitutional and statutory provisions evidence a compelling state interest in protecting minors from exposure to the harmful effects of alcohol. " 'The business of selling intoxicating liquor is one attended with dangers, and under the police power the state may limit the operation of such business to conditions which will minimize its evils. [Citations.]' [Citations.] More particularly, it may be assumed that the provisions prohibiting certain transactions with minors are designed to protect them from harmful influences. [Citation.] [¶] There is an affirmative duty on the licensee to maintain and operate his premises in accordance with law, and failure to discharge this duty may amount to permitting any prohibited conduct to occur." (*Lacabanne Properties, Inc. v. Dept. Alcoholic Bev. Control, supra,* 261 Cal.App.2d at p. 188.) "The Legislature has recognized that the business of selling intoxicating liquors, unless strictly regulated, poses a threat to the welfare of minors." (*Kirby v. Alcoholic Bev. etc. App. Bd.* (1968) 267 Cal.App.2d 895,

---

[3]Prior to the 1956 amendment, the constitutional provision permitted the sale of alcoholic beverages only in public eating establishments, from which minors could not be excluded. This caused serious enforcement problems and encouraged minors to frequent bars which sold food. The purpose of the 1956 amendment was to create a class of public drinking establishments from which minors could be excluded. (Cal. Const., art. XX, § 22; Amendments to Constitution, Gen. Elec. (Nov. 6, 1956) argument in favor of Sen. Const. Amend. No. 2, p. 9.)

899 [73 Cal.Rptr. 352].) The Legislature lays down the conditions under which such businesses may be run in order to minimize the evils. (*Ibid.*) Good faith is not a defense to a violation of the liquor laws. (*Ibid.*)

*Ballesteros v. Alcoholic Bev. etc. Appeals Board* (1965) *234 Cal.App.2d 694* [*44 Cal.Rptr. 633*]

In 1965, this district affirmed an order of the Department suspending the on-sale alcoholic beverage license of a bar that had permitted a minor to enter the bar and remain on the premises for 10 minutes without checking her identification. (*Ballesteros v. Alcoholic Bev. etc. Appeals Board, supra,* 234 Cal.App.2d 694.) The Court of Appeal concluded: "There was sufficient evidence to support the finding of the department that petitioners permitted a person under the age of 21 years to enter and remain in the licensed premises." (*Id.* at p. 701.)

The facts of *Ballesteros* are virtually identical to the facts in this case. At approximately 10:00 p.m. on February 15, 1961, Wilma Miller, a 20-year-old married woman, entered a bar with her husband and other members of a motorcycle club, who had been at the bar on prior occasions. Miller sat at a table, while her husband purchased drinks at the bar, including a soft drink for Miller. Miller's husband returned to the table with the drinks. Miller had been sitting at the table in the bar for 10 minutes when a police officer asked for her identification. The bartender had not asked for her identification. The bartender had checked the identifications of members of the motorcycle club previously and determined they were adults. The bartender was the sole employee, the bar was busy and crowded, and the lighting in the bar was poor. The Court of Appeal noted: "[I]t is apparent that the bartender, who was the only one in charge of the barroom and was very busy selling beverages to the many patrons who were crowding around the bar, was inactive or passive with respect to his affirmative duty to ascertain the age of Mrs. Miller." (*Ballesteros v. Alcoholic Bev. etc. Appeals Board, supra,* 234 Cal.App.2d at p. 701.)

Similarly in this case, Jimenez entered the bar in the late evening hours with a group of friends believed by Wisniewfski, the sole waitress, to be adults. Jimenez sat at a table for 10 minutes before Wisniewfski came to the table to check Jimenez's identification. The bar was crowded and apparently understaffed. This delay of 10 minutes before checking a minor's identification is sufficient evidence that Wisniewfski was inactive or passive with respect to her affirmative duty to prevent minors from entering and remaining in the bar.

There is no meaningful distinction between this case and *Ballesteros*, which is still good law and has never been questioned. The administrative law judge expressly relied on *Ballesteros* in deciding this case. In both cases, a minor was permitted to remain in a bar for 10 minutes without lawful purpose. In this case, a waitress checked the minor's identification after a 10-minute delay; in *Ballesteros*, a police officer checked the minor's identification after a 10-minute delay. This distinction is merely fortuitous and of no relevance to the disputed issue: was a minor permitted to enter a bar and remain for 10 minutes without lawful purpose? In both cases, the answer to the question is yes. In both cases, the Department ordered a short suspension of the on-sale alcoholic beverage license of the bar.

*Protection of Minors*

California has evidenced a compelling interest in protecting its minors from exposure to the harmful effects of alcoholic beverages. The law of the state prohibits not only the sale or furnishing of alcohol to minors, but also permitting minors to remain in a public drinking establishment even if they are not permitted to drink. This compelling state interest is found not only in statutes adopted by the Legislature, but also in the state Constitution. Licensees have an affirmative duty to maintain their premises so that minors will not enter and remain. This affirmative duty includes adequate staffing of the premises in order to ensure prompt requests for identification to verify the age of the customers. Good faith, overcrowding, and inadequate staffing are not defenses to a failure of a licensee to perform this affirmative duty.

I note that Jimenez's presence in the bar was neither fleeting nor transitory. She entered with friends, sat at a table, took beer from a friend's table, and began to drink it. Ten minutes is a significant period of time.

Most importantly, the Department found that Jimenez sat at a table in the bar for approximately 10 minutes before Wisniewfski approached the table and asked to see Jimenez's identification. The Department further found that petitioner, by its employees, was inactive or passive with respect to its affirmative duty to ascertain the age of Jimenez. "Therefor[e], the fact that Ms. Jimenez entered [petitioner's] bar and stayed for approximately ten minutes before someone asked to see her identification is evidence that [petitioner], as a legal entity, permitted Ms. Jimenez to do so. This permitting is a violation of Business and Professions Code section 25665 and constitutes cause for suspension of [petitioner's] license . . . ." These findings of fact by the Department, including the ultimate fact that petitioner permitted Jimenez to remain in the bar in violation of section 25665, are

conclusive and final. We are not permitted to substitute our judgment for that of the Department. We are not permitted to determine the appropriate level of staffing for a public drinking establishment. We are not permitted to excuse a failure to perform an affirmative duty to timely ascertain the age of a bar's customer on the ground of good faith. The Department's findings of fact are reasonable and supported by substantial evidence. The Department's reasonable factual findings may not be reversed by this court even if other findings are equally or even more reasonable.

I would affirm.