[No. S031492. Apr. 7, 1994.]

PROVIGO CORPORATION, Petitioner, v.
ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD, Respondent.

LUCKY STORES, Petitioner, v.
ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD, Respondent.

## COUNSEL

Donahue, Gallagher, Thomas & Woods, Donahue, Gallagher, Woods & Wood, Renee D. Wasserman, A. Clifford Allen, Hinman & Carmichael, John A. Hinman and Lynne A. Carmichael for Petitioners.

Davis, Cowell & Bowe, Steven L. Stemerman, Andrew J. Kahn, Kahn, Soares & Conway, Dale A. Stern, George H. Soares and Robert S. Hedrick as Amici Curiae on behalf of Petitioners.

Daniel E. Lungren, Attorney General, Robert L. Mukai, Chief Assistant Attorney General, Henry G. Ullerich and Floyd D. Shimomura, Assistant Attorneys General, Martin H. Milas, Thomas Scheerer, Linda A. Cabatic and Susan P. Underwood, Deputy Attorneys General, for Respondent.

James K. Hahn, City Attorney (Los Angeles), Debbie Lew and Candice I. Horikawa, Deputy City Attorneys, Robert A. Roth, Mayer & Associates, Martin J. Mayer and Robert Jagiello as Amici Curiae on behalf of Respondent.

## OPINION

**LUCAS, C. J.**—The California Constitution, article XX, section 22, contains provisions proscribing both the sale to, and purchase by, minors of alcoholic beverages. Thus section 22 in pertinent part provides that "[t]he sale . . . of any alcoholic beverage to any person under the age of 21 years is hereby prohibited, and no person shall sell . . . any alcoholic beverage to any person under the age of 21 years, and no person under the age of 21 years shall purchase any alcoholic beverage." In these consolidated review proceedings, law enforcement officers used underage persons as decoys in the enforcement of the foregoing constitutional provision against selling alcoholic beverages to minors. (See *ibid.*; see also Bus. & Prof. Code, § 25658, subd. (a) [further statutory references are to this code unless otherwise indicated].). We must decide whether the constitutional provision forbidding *purchases* of alcoholic beverages by minors affords a defense to a charge of unlawful *sales* in situations involving underage decoys. As will appear, we have concluded that article XX, section 22 furnishes no defense to unlawful sales to underage decoys.

### I. FACTS

The minors who purchased the alcoholic beverages in both cases presently before us were working in decoy programs for their respective police departments. They passed through the checkout counters of petitioners' grocery stores and purchased alcoholic beverages. (One decoy purchased a pack of "wine coolers," and the other bought a six-pack of beer.) It is undisputed that neither minor purchased alcoholic beverages for the purpose of consumption by himself or others.

In both cases, accusations were filed with the Department of Alcoholic Beverage Control (the Department) charging petitioners with selling alcohol to minors in violation of section 25658, subdivision (a). This provision states, "Every person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage to any person under the age of 21 years is guilty of a misdemeanor." (*Ibid.*, see also Cal. Const., art. XX, § 22.) ■ Although a violation of section 25658 can occur despite

the seller's lack of knowledge that the purchaser is under the age of 21, the seller's liability is not absolute because "the Legislature has furnished a procedure whereby he may protect himself, namely, . . . section 25660 [allowing the seller to rely on bona fide evidence of majority and identity]." (*Kirby* v. *Alcoholic Bev. etc. App. Bd.* (1968) 267 Cal.App.2d 895, 898 [73 Cal.Rptr. 352].)

In protesting suspension of their respective licenses for the stores in question, petitioners argued that the use of underage decoys to purchase alcoholic beverages was illegal and unconstitutional and required dismissal of the charges against them. Petitioners also argued they had been entrapped into making the unlawful sales, and that their due process rights were violated by the officers' failure to follow the Department's guidelines for conducting a decoy program (including use of decoys having the appearance and demeanor of persons well under 21 years of age).

After suspension of their licenses by the Department, petitioners appealed to the Alcoholic Beverage Control Appeals Board (the Board). The Board concluded the constitutional provision that "no person under the age of 21 years shall purchase any alcoholic beverage" (Cal. Const., art. XX, § 22) was inapplicable to persons in decoy programs supervised by the Department or other law enforcement agencies.

## II. COURT OF APPEAL DECISION

The Court of Appeal granted review (see § 23090), and held that the use of underage decoys was unlawful and afforded petitioners a defense to license suspension. The court concluded that it would be improper to infer a "decoy exception" from the clear and unambiguous language of the constitutional prohibition on purchases by minors. The court relied on the so-called "plain meaning" rule to the effect that unambiguous words in a constitutional provision should be given the meaning they bear in ordinary use, without resort to rules of construction or extrinsic evidence of intent. (E.g., *Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299]; see also Cal. Const., art. I, § 26 [constitutional provisions are "mandatory and prohibitory" unless otherwise expressly declared].) As the Court of Appeal stated, "The language of the Constitution is clear and unambiguous. We read 'no person,' to mean exactly that. Anyone under the age of 21 is forbidden to buy alcoholic beverages. The Constitution makes no exceptions for underage purchasers who buy alcohol at the direction of a law enforcement agency." Because, under the plain meaning of the Constitution, no minor may lawfully purchase intoxicating beverages, the use of a minor decoy to make such a purchase was likewise illegal.

The Court of Appeal noted that, unlike the California Uniform Controlled Substances Act (Health & Saf. Code, div. 10, § 11000 et seq.), the constitutional and statutory prohibitions against buying alcoholic beverages contain no express exception for persons working in a law enforcement capacity. (See *id.*, § 11367 ["All duly authorized peace officers, while investigating violations of this division in performance of their official duties, and any person working under their immediate direction, supervision or instruction, are immune from prosecution under this division."].)

The Court of Appeal further observed that in 1987 the Legislature declined to adopt an exception for underage decoys when it added a provision prohibiting the attempt to purchase alcoholic beverages by any person under the age of 21 years. (Stats. 1987, ch. 583, § 1, p. 1898.) The bill when originally proposed granted immunity from prosecution under either section 25658 or 25658.5 for persons under the age of 21 while acting under the direction of a peace officer. Such immunity was opposed by the Retail Liquor Dealers Association and by the American Civil Liberties Union.

The Court of Appeal rejected the Department's further contention that petitioners could be punished for their unlawful sales despite the officers' improper use of decoys. The court opined that, "the use of an unconstitutional enforcement procedure is analogous to the police conduct which gives rise to an entrapment defense and the remedy in administrative disciplinary proceedings should be the same, i.e., defense to revocation or suspension of a license. [Citation.]"

## III. DISCUSSION

■ Initially, we observe that the Constitution vests the Department with broad discretion to revoke or suspend liquor licenses "for good cause" if continuing the license would be "contrary to public welfare or morals." (Cal. Const., art. XX, § 22.) In the absence of a clear abuse of discretion, the courts will uphold the Department's decision to suspend a license for violation of the liquor laws. (E.g., *Martin* v. *Alcoholic Bev. etc. Appeals Bd.* (1959) 52 Cal.2d 238, 248-249 [340 P.2d 1].)

■ Did the Department abuse its broad discretion in the cases now before us? We first determine whether the use of underage decoys afforded petitioners an excuse or defense to a charge of unlawful sales to minors. The Court of Appeal, relying on the "plain meaning" rule of construction, so concluded. But as we pointed out in *Lungren* v. *Deukmejian, supra*, 45 Cal.3d at page 735, "the 'plain meaning' rule does not prohibit a court from determining whether the literal meaning of a statute comports with its

purpose . . . . [Citation.] Literal construction should not prevail if it is contrary to the legislative intent apparent in the statute. The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act. [Citations.] . . . These rules apply as well to the interpretation of constitutional provisions. [Citation.]"

Additionally, we have observed that constitutional provisions "must receive a liberal, practical common-sense construction which will meet changed conditions and the growing needs of the people. [Citations.] A constitutional amendment should be construed in accordance with the natural and ordinary meaning of its words. [Citation.] The literal language of enactments may be disregarded to avoid absurd results and to fulfill the apparent intent of the framers. [Citations.]" (*Amador Valley Joint Union High Sch. Dist.* v. *State Bd. of Equalization* (1978) 22 Cal.3d 208, 245 [149 Cal.Rptr. 239, 583 P.2d 1281].)

In sum, in construing California Constitution, article XX, section 22, we are not limited to a strict, literal interpretation of its words but we may seek a practical, commonsense construction consistent with the probable intent of the framers. Applying the foregoing rules, our interpretive task is considerably lightened. Although petitioners discern no clear intent from the available "legislative history" underlying the 1956 constitutional amendment forbidding purchases of alcoholic beverages by minors, the likely purpose underlying provisions prohibiting sales of intoxicating beverages to, or purchases by, minors is to protect such persons from exposure to the "harmful influences" associated with the consumption of such beverages. (*Lacabanne Properties, Inc.* v. *Dept. Alcoholic Bev. Control* (1968) 261 Cal.App.2d 181, 188 [67 Cal.Rptr. 734]; see *Kirby* v. *Alcoholic Bev. etc. App. Bd.*, *supra*, 267 Cal.App.2d at p. 899 [unless strictly regulated, business of selling liquor poses threat to welfare of minors]; *People* v. *Baker* (1918) 38 Cal.App. 28, 34 [175 P. 88]; see also § 23001 [one purpose of liquor laws is "to promote temperance in the use and consumption of alcoholic beverages"].)

The use of underage decoys to enforce laws against unlawful sales to minors clearly *promotes* rather than hinders the foregoing salutary purpose. To apply the literal language of California Constitution, article XX, section 22 to provide licensees a defense based on such use would produce an absurd result: The seller of intoxicating beverages to a minor could defend against criminal or administrative sanctions by relying on the purchaser's minority. As previously indicated, we must adopt a construction of the Constitution that avoids such an absurdity.

If a minor, acting on his own, purchased alcohol unlawfully and *later* informed law enforcement officers of the purchase, certainly the seller could not successfully claim that the purchaser's unlawful purchase afforded an excuse or defense to the unlawful sale. Why should the minor's *earlier* law enforcement connection change the result? In both cases, an unlawful sale to minors has occurred that properly should be subject to penalty.

Analogous cases make clear that police involvement in criminal activity for the purpose of investigating possible violations is permissible even if technical violations of law occur. (See, e.g., *United States* v. *Russell* (1973) 411 U.S. 423, 432 [36 L.Ed.2d 366, 373-374, 93 S.Ct. 1637] [drug law violation]; *United States* v. *Bowling* (6th Cir. 1981) 666 F.2d 1052, 1054 [informant participating in illegal activity]; *People* v. *Superior Court* (*Orecchia*) (1976) 65 Cal.App.3d 842, 846 [134 Cal.Rptr. 361] [decoy drug purchase].)

As for the Legislature's rejection of an immunity provision included in the draft of a previous bill, such rejection is not convincing proof of legislative intent to prohibit underage decoys. Unpassed bills have little value as evidence of legislative intent. (E.g., *Grupe Development Co.* v. *Superior Court* (1993) 4 Cal.4th 911, 923 [16 Cal.Rptr.2d 226, 844 P.2d 545]; *Sherwin-Williams Co.* v. *City of Los Angeles* (1993) 4 Cal.4th 893, 903, fn. 6 [16 Cal.Rptr.2d 215, 844 P.2d 534].) Just as no express immunity exists permitting use of underage decoys, no express *prohibition* can be found apart from the general ban on *purchases* by minors. The Legislature may well have assumed that providing such immunity was unnecessary. But even were we to assume that the use of minor decoys constituted a technical violation of constitutional and statutory provisions against purchases by minors, for the reasons previously stated the seller should remain accountable unless, as the Court of Appeal suggested, the decoy practice itself constituted a form of entrapment, or denial of due process.

■ As a general rule, the use of decoys to expose illicit activity does not constitute entrapment, so long as no pressure or overbearing conduct is employed by the decoy. (*Reyes* v. *Municipal Court* (1981) 117 Cal.App.3d 771, 777 [173 Cal.Rptr. 48] [use of decoy prostitutes]; see *People* v. *Barraza* (1979) 23 Cal.3d 675, 690 [153 Cal.Rptr. 459, 591 P.2d 947] ["Official conduct that does no more than offer that opportunity [to commit crime] to the suspect—*for example, a decoy program*—is therefore permissible (italics added.)"]; *People* v. *Superior Court* (*Hartway*) (1977) 19 Cal.3d 338, 349-351 [138 Cal.Rptr. 66, 562 P.2d 1315] [implicitly approving decoy prostitute program]; *People* v. *Superior Court* (*Orecchia*), *supra*, at pp. 845-847 [rejecting argument that use of underage decoys to enforce drug laws is

"analogous" to entrapment].) Law enforcement officers have long used undercover vice officers to act as decoys for soliciting acts of prostitution, despite statutory language making it a misdemeanor for "every person" to solicit or engage in acts of prostitution. (Pen. Code, § 647, subd. (b).)

Thus, the rule is clear that "ruses, stings, and 'decoys are permissible stratagems in the enforcement of criminal law, and they become invalid only when badgering or importuning takes place to an extent and degree that is likely to induce an otherwise law-abiding person to commit a crime." (*Reyes* v. *Municipal Court, supra,* 117 Cal.App.3d at p. 777; see also *People* v. *Barraza, supra,* 23 Cal.3d at p. 690 [entrapment involves "overbearing conduct," such as "badgering, cajoling, importuning, or other affirmative acts" likely to induce one to commit crime].) ▆▆ Although the decoys involved in the present cases were apparently somewhat mature and self-assured in appearance and demeanor, it is uncontradicted that no pressure or overbearing conduct occurred that might suggest an entrapment.

Petitioners argue that the foregoing decoy cases are distinguishable because they involved "targets" who knowingly engaged in illicit activity (e.g., soliciting prostitution, drugs, stolen property). Petitioners suggest that the state should be investigating criminals, not ensnaring "businesses and citizens into unknowingly violating the law." They point to the evidence, previously mentioned, indicating the minor decoys looked and acted older than their true ages.

Nothing in the case law supports petitioners' purported distinction between those "targets" who knowingly break the law, and those who lack such knowledge. As previously indicated, the laws against sales to minors can be violated *despite* the seller's (or its agents') lack of knowledge of the purchaser's minority. The seller may readily protect itself by requiring sales agents to routinely check identification. (Reliance on bona fide evidence of majority and identity constitutes a defense to liability. [See § 25660].) Indeed, requiring such routine checks would appear to involve no greater burden on sales personnel than is already assumed when a prospective purchaser offers to pay by check or credit card.

Because the seller cannot avoid liability by relying solely on the appearance of the buyer, it is not unfairly entrapped by the use of mature-looking decoys. Such a practice would not rise to the level of "overbearing" conduct needed to constitute entrapment under *Barraza*. Here, the decoys simply bought beer and wine, without attempting to pressure or encourage the sales in any way.

Nor did, any due process violation occur. (See *United States* v. *Russell supra*, 411 U.S. at pp. 431-432 [36 L.Ed.2d at p. 373] [due process may bar criminal convictions if "outrageous" conduct by law enforcement officers]; cf. *People* v. *Thoi* (1989) 213 Cal.App.3d 689, 695-697 [261 Cal.Rptr. 789], and cases cited.) Assuming arguendo that the *Russell* doctrine applies in this state (but see *Thoi, supra*, 213 Cal.App.3d at p. 696), the mere use of underage decoys to enforce the liquor laws would not constitute outrageous conduct. The additional fact that the law enforcement officers failed to follow the Department's suggested decoy program "guidelines" and instead used more mature-appearing persons as decoys would not change our analysis. As previously noted, licensees have a ready means of protecting themselves from liability by simply asking any purchasers who could possibly be minors to produce bona fide evidence of their age and identity. (See § 25660; *Kirby* v. *Alcoholic Bev. etc. App. Bd., supra*, 267 Cal.App.2d at p. 898.)

■ Petitioners argue that their due process rights were abridged because the police violated the Constitution by arranging for the purchase of alcoholic beverages by the minor decoys. As we have observed, it is doubtful the Constitution may be construed as forbidding the use of minor decoys. Assuming such a violation occurred, it was at most a technical one that could not be deemed so "outrageous" as to afford a defense to prosecution.

Second, petitioners contend the Department's guidelines governing the use of minor decoys were improperly enacted, unduly vague, and unenforceable. But petitioners are being charged with violating the state's liquor laws, not the Department's guidelines. We should keep in mind that the decoy program involved here was conducted by local police, not by the Department. Thus, it is unclear why invalid departmental guidelines should afford petitioners a defense to a violation of the liquor laws. The guidelines merely set forth suggested procedures for police agencies to follow.

Petitioners set forth various "rationally related alternative means" for preventing minors from buying and drinking alcoholic beverages. (E.g., educational programs and police surveillance of minors in liquor stores.) But the existence of such alternatives does not demonstrate that decoy programs are improper or violate due process. In sum, we conclude that petitioners have established neither entrapment nor a due process violation.

The briefs of the various amici curiae in this case set forth at length the policy arguments favoring or disfavoring the use of underage decoys. For example, an amicus curiae brief supporting the practice asserts that it affords

law enforcement one of the most effective means of enforcing the liquor laws and preventing alcohol-related injuries and fatalities. On the other hand, an amicus curiae brief opposing the practice suggests that it operates unfairly and arbitrarily by randomly targeting licensees without a reasonable suspicion of wrongdoing on their part, and without compliance with departmental standards or guidelines. We do not purport to choose among these competing policy interests, for the question of the *wisdom* of the decoy practice is not before us. We need go no further in this case than to decide that the practice does not afford licensees a defense to illegal sales to minors.

We observe, however, that all such policy arguments and concerns presumably will be aired in the course of debating and discussing a possible constitutional amendment (Assem. Const. Amend. No. 6 (1993-1994 Reg. Sess.)) which, as presently drafted, would allow the use of underage decoys if probable cause exists to believe a violation has occurred.

We conclude the Court of Appeal erred in reversing the Board's decision to uphold petitioners' suspensions. Accordingly, the judgment of the Court of Appeal is reversed.

Mosk, J., Kennard, J., Arabian, J., Baxter, J., George, J., and White, J.,* concurred.

---

*Presiding Justice, Court of Appeal, First Appellate District, Division Three, assigned by the Acting Chairperson of the Judicial Council.