*Supp. 4 Opinion
JOHNSON, Acting P. J.
Luis Martin Robles (appellant) appeals from his conviction for obstructing an officer in the discharge of his duties in violation of Penal Code section 148, subdivision (a). Appellant first challenges his conviction on the ground the evidence failed to establish that in interacting with the suspect, Officer Huizar was discharging or attempting to discharge his duties. Appellant further contends his conduct constituted protected speech under the federal and California Constitutions. We disagree with appellant’s contentions and affirm the judgment.
I.
Appellant was charged with violating Penal Code section 148, subdivision (a), which prohibits willful resistance, delay or obstruction of an officer in the discharge or attempted discharge of his or her duties. Appellant was tried by a jury. At the conclusion of the People’s case, appellant moved for an acquittal pursuant to Penal Code section 1118.1. The motion was denied. Appellant was found guilty and placed on summary probation. Thereafter, appellant filed a timely notice of appeal.
II.
The evidence presented in the People’s case was as follows: Officer Samuel Huizar testified that he is a police officer for the City of Los Angeles, assigned to West Bureau narcotics. On March 17, 1995, at approximately 5:30 p.m., he was working undercover, attempting to buy narcotics in the area of Braddock and Slauson, an area with heavy narcotic and gang activity. The undercover investigation involved approximately four uniformed officers, eight to ten detectives, six undercover officers and three supervisors. Officer Huizar was dressed in civilian clothing and was wearing a “wire” on his body in order to communicate with his supervisors. He was driving a white Beretta with no lights.
Officer Huizar observed a male Hispanic about 17 years old (the suspect) on a bicycle in the middle of the street. Officer Huizar stopped his vehicle next to the suspect and asked him if he had “rock,” the street term for rock cocaine. The suspect asked Officer Huizar how much he wanted, and Officer Huizar told him he wanted a “dime,” the street term for $10 worth of narcotics.[1] The suspect then asked the officer, “You only want a dime?” The officer responded, “Yes,” and reached into his right front pants pocket and *Supp. 5 removed two precoded $5 bills. Then Officer Huizar heard someone yell, “Get away from that guy! The guy’s a cop!” The suspect looked at Officer Huizar and asked, “Are you a cop?” Officer Huizar responded, “No, I’m not.”
Appellant then walked up to the suspect and said, “I told you to get away from that guy. The guy’s a cop.” The suspect told Officer Huizar he was not going to sell him anything because he was a cop and rode away on his bicycle. Officer Huizar then contacted his supervisors, who detained appellant.
Officer Huizar testified that getting “burned,” i.e., being identified as a police officer, compromises an officer’s safety and prevents him from doing his duty. Since a suspect will not deal with an individual who has been identified as a police officer, once an officer has been so identified, the officer must be replaced by another undercover officer.
III.
Appellant first challenges his conviction on the ground the evidence did not establish that in interacting with the suspect, Officer Huizar was discharging or attempting to discharge a duty of his office.
“[P]olice involvement in criminal activity for the purpose of investigating possible violations is permissible even if technical violations of law occur.” (Provigo Corp. v. Alcoholic Beverage Control Appeals Bd. (1994) 7 Cal.4th 561, 568 [28 Cal.Rptr.2d 638, 869 P.2d 1163].) “[T]he rule is clear that ‘ruses, stings and decoys are permissible stratagems in the enforcement of criminal law, . . .’[Citations.]” (Id. at p. 569.) “As a general rule, the use of decoys to expose illicit activity does not constitute entrapment, so long as no pressure or overbearing conduct is employed by the decoy.” (Id. at p. 568; see also People v. Barraza (1979) 23 Cal.3d 675, 690 [153 Cal.Rptr. 459, 591 P.2d 947].)
The evidence established Officer Huizar was assigned to work undercover as part of a decoy program to enforce drug laws. His assignment required him to attempt to purchase narcotics in the area in question. Nothing in the record suggests Officer Huizar attempted to entrap the suspect by pressuring him or engaging in overbearing conduct. The use of undercover vice officers to expose illicit activity is a long used and permissible part of law enforcement duties. (Provigo Corp. v. Alcoholic Beverage Control Appeals Bd., supra, 7 Cal.4th at pp. 568-569.) In view of the foregoing, we conclude that in interacting with the suspect, Officer Huizar was discharging a duty of his office.
*Supp. 6 IV.
Appellant next contends his conviction violated his right to free speech under the First and Fourteenth Amendments to the United States Constitution and article I, section 2 of the California Constitution.
“[C]ertain forms of speech, or speech in certain contexts has been considered outside the scope of constitutional protection.” (Konigsberg v. State Bar (1961) 366 U.S. 36, 50 [6 L.Ed.2d 105, 116, 81 S.Ct. 997]; see also Cox v. Louisiana (1965) 379 U.S. 536, 563 [13 L.Ed.2d 471, 491-492, 85 S.Ct. 453].) For example, an individual may be punished for encouraging the commission of a crime or for uttering “fighting words.” (Cox v. Louisiana, supra, 379 U.S. at p. 563 [13 L.Ed.2d at p. 491]; see also Long v. Valentino (1989) 216 Cal.App.3d 1287, 1296 [265 Cal.Rptr. 96].) “ ‘[I]t has never been deemed an abridgment of freedom of speech or press to make a course of conduct illegal merely because the conduct was in part initiated, evidenced or carried out by means of language, either spoken, written, or printed.’ [Citation.]” (Cox v. Louisiana, supra, 379 U.S. at p. 563 [13 L.Ed.2d at pp. 491-492].)
Penal Code section 148 does not apply solely to nonverbal conduct involving flight or forcible interference with an officer’s activities. “No decision has interpreted the statute to apply only to physical acts, and the statutory language does not suggest such a limitation.” (People v. Quiroga (1993) 16 Cal.App.4th 961, 968 [20 Cal.Rptr.2d 446].) Nevertheless, we recognize that “the First Amendment protects a significant amount of verbal criticism and challenge directed at police officers.” (Houston v. Hill (1987) 482 U.S. 451, 461 [96 L.Ed.2d 398, 412, 107 S.Ct. 2502].) We further recognize that Penal Code section 148 must be applied with great caution to speech. (People v. Quiroga, supra, 16 Cal.App.4th at p. 968.)
Appellant claims his conduct was constitutionally protected because he did not utter “fighting words,” breach the peace or engage in disorderly conduct. He argues he should not be punished merely for discouraging the suspect from committing a crime. However, the record contains substantial evidence that appellant willfully obstructed the officer in the performance of his undercover duties.
Appellant does not dispute the fact that he knew Officer Huizar was a police officer. It may be inferred from the content of appellant’s warning and the nature of the area in question that appellant knew the officer was conducting an undercover investigation. Appellant not only alerted the suspect to the officer’s identity but directed the suspect to “get away from *Supp. 7 [the officer].” When the suspect failed to heed appellant’s initial warning, appellant approached the suspect and stated, “I told you to get away from that guy. That guy’s a cop.” As a result of appellant’s warning the suspect fled, preventing the officer from obtaining evidence of a crime he might otherwise have obtained.
“[S]peech is generally protected by the First Amendment, even if it is intended to interfere with the performance of an officer’s duty, provided no physical interference results.” (Long v. Valentino, supra, 216 Cal.App.3d at p. 1296, italics added.) In this case, appellant’s speech did not constitute mere verbal criticism and challenge directed at the officer. Appellant’s speech accomplished a physical event, i.e., the flight of the suspect, which interfered with the officer’s ability to complete his investigation.
As the Court of Appeal explained in Long v. Valentino, supra, 216 Cal.App.3d at page 1297: “[W]e do not literally punish a bandit for mere use of the words, ‘Stick ’em up, you moron.’ We punish him for the act of attempting to take the property of another by force and fear. It is of no moment that language was the vehicle to the goal in this . . . hypothetical case. Physical force alone could have been employed . . . and the words, while they may have contained a kernel of expression . . . (e.g., ‘you moron’), amount to conduct designed to accomplish a direct violation of the law and not primarily a means of conveying an idea or point of view.” Based on the reasoning in Long, supra, 216 Cal.App.3d at page 1297, we are persuaded that appellant’s speech was not constitutionally protected under the federal and state Constitutions.
The judgment is affirmed.
Kakita, J., concurred.

Officer Huizar testified he knew he had a “buy” because the suspect asked him how much he wanted and did not walk away.