Filed 3/20/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MARK LEWIS,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>SAFEWAY, INC.,<br><br>        Defendant and Respondent. | A140943<br><br>(Alameda County<br>Super. Ct. No. RG13694105) |

Subject to numerous exceptions, the Song-Beverly Credit Card Act of 1971 (Civ. Code, § 1747 et seq.) (Song-Beverly or the Act) generally prohibits a retailer from requesting and recording a customer's "personal identification information" when the customer is purchasing goods or services with a credit card. (Civ. Code, § 1747.08, subd. (a)(2).) Plaintiff Mark Lewis filed a putative class action against defendant Safeway, Inc. (Safeway), alleging that Safeway violated the Act when its clerk requested and recorded Lewis's date of birth in Safeway's cash register system when he purchased an alcoholic beverage with a credit card. Safeway demurred on four grounds, two of which were that its conduct fell within express exceptions to the Act. The trial court agreed that one of the exceptions applied, sustained Safeway's demurrer without leave to amend, and entered a judgment of dismissal. We affirm.

**BACKGROUND**

**The Complaint**

It is black letter law that a demurrer tests the legal sufficiency of the allegations in a complaint. (*San Mateo Union High School Dist. v. County of San Mateo* (2013) 213 Cal.App.4th 418, 425; Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2014) ¶ 7:5, p. 7(I)-6.) This appeal comes before us after the

1

trial court sustained Safeway's demurrer, holding that Lewis's allegations failed to state a claim. One would thus expect that Lewis—an appellant who presumably aspires to convince us that the trial court erred—would summarize the allegations in his complaint that purportedly stated a claim. Astonishingly, nowhere in his opening brief does he do so, at most sprinkling a handful of passing references to his allegations randomly throughout his brief.[1] We find this to be a curious appellate strategy, and not one we condone.

Nevertheless, we have the benefit of the complaint in the record, which reveals that on August 30, 2013, Lewis filed a putative class action against Safeway, asserting one cause of action, for violation of Song-Beverly. The complaint contained five paragraphs concerning the cause of action, alleging as follows:

"5. On or about August 24, 2013, Plaintiff entered Defendants' store at 14845 Ventura Blvd., Sherman Oaks, CA 91402 to purchase an alcoholic beverage.

"6. Upon selection of an alcoholic beverage to purchase, Plaintiff presented the item for payment to one of Defendants' employees at the checkout counter. The sales clerk informed Plaintiff of the amount due for his purchase. Plaintiff then swiped his credit card into the Defendants' point-of-sale terminal, resulting in the transfer of his name and credit card number into Defendants' computer system.

"7. At that point, the clerk requested personal identification information from Plaintiff in the form of Plaintiff's date of birth. Believing he was required to provide the information as a condition of completing the transaction, Plaintiff gave the clerk his date of birth. The clerk then entered Plaintiff's date of birth into the computerized cash register.

---

[1] We further note that Lewis's few references to his allegations are unaccompanied by any citation to the record, in violation of California Rules of Court, rule 8.204(a)(1)(C), which requires that "any reference to a matter in the record" be supported by citation "to the volume and page number of the record where the matter appears."

"8.  While Defendants are required to verify that the person purchasing an alcoholic beverage is not under 21 years of age (see Bus. & Prof. Code, § 25660), there is no legal requirement that they record that information.  In fact, most retail sellers of alcoholic beverages verify the purchaser's date of birth without recording it.  In other words, Defendant is not obligated to collect and record the personal identification information by federal or state law or regulation.

"9.  Defendant is not contractually obligated to provide personal identification information in order to complete the credit card transaction."

The remaining allegations in Lewis's complaint concerned the putative class on whose behalf Lewis brought the action.  His prayer for relief sought a civil penalty for himself and each member of the class, attorney fees, costs, and prejudgment interest.

**Safeway's Demurrer**

Safeway demurred to the complaint, asserting four independent reasons Lewis's complaint failed to allege a violation of the Act.  First, Safeway contended it was obligated by law to verify the date of birth of customers purchasing alcohol and to keep records of the sales, and its conduct therefore fell within an exception to the Act for an obligation imposed by law.  Second, Safeway contended that another exception to the Act—when personal identification information is required for a special purpose incidental but related to the credit card transaction—applied.  Third, Safeway contended that Lewis did not allege he understood the request for his date of birth to be a condition for the completion of a *credit card* transaction as required for a violation of the Act, instead merely alleging his belief that he was required to provide his date of birth as a condition of completing the transaction.  Finally, Safeway contended that one's date of birth is not "personal identification information" within the meaning of Song-Beverly.

Lewis opposed the demurrer, responding to each of Safeway's arguments.  As to the obligation-imposed-by-law exception, Lewis contended that while Safeway was required by law to verify that a purchaser of an alcoholic beverage was 21 years old or older, it was not required by law to *record* the purchaser's date of birth, and thus the exception did not apply.  He also contended that the second exception, when personal

3

identification information is required for a special purpose incidental to the transaction, required a factual showing such that its applicability could not be decided on demurrer. As to Safeway's third contention, Lewis argued that he did adequately allege his belief that the credit card transaction would be declined unless he provided his date of birth. Lastly, Lewis contended that a date of birth is in fact personal identification information within the meaning of Song-Beverly.

After Safeway filed a reply, the trial court issued a tentative ruling sustaining the demurrer. The tentative ruling was not contested, and it became the order of the court.

The court agreed with Safeway that the exception for an obligation imposed by law barred Lewis's cause of action. As the court explained: "[Lewis] does not deny that [Safeway] had legal obligations under the Alcoholic Beverage Control Act ([Business and Professions Code] section 23000, et seq. 'ABCA') to verify the [date of birth] of customers purchasing alcoholic beverages and to keep written records of all sales transactions. [Lewis] argues, however, that the ABCA does not explicitly require that the written records of sales include the [date of birth]. While this is an accurate statement, as far as it goes, it does not follow that the inclusion of the [date of birth] in the record of sale takes the sales transaction out of [the] 'legal obligation' exception to the Act. [Lewis] has provided no authority to support the proposition that the Act should be interpreted to impose a limitation upon the information recorded for purposes of compliance with [Business and Professions Code] section 25752 when, and only when, the transaction in question includes the use of a credit card." The court thus sustained Safeway's demurrer, doing so without leave to amend because Lewis did not suggest any "factual allegations that could be added to the Complaint to state a cause of action."

The court subsequently entered judgment for Safeway, following which Lewis timely appealed.

## DISCUSSION

### Demurrer and the Standard of Review

When reviewing an order sustaining a demurrer, we employ the de novo standard of review. (*Bock v. Hansen* (2014) 225 Cal.App.4th 215, 226.) " 'A demurrer tests the

4

sufficiency of the complaint as a matter of law; as such, it raises only a question of law.' [Citation.] ' "The reviewing court gives the complaint a reasonable interpretation, and treats the demurrer as admitting all material facts properly pleaded. [Citations.] The court does not, however, assume the truth of contentions, deductions or conclusions of law. [Citation.] The judgment must be affirmed 'if any one of the several grounds of demurrer is well taken. [Citations.]" ' " (*San Mateo Union High School Dist. v. County of San Mateo, supra,* 213 Cal.App.4th at p. 425; see also *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318; *Bock v. Hansen, supra,* 225 Cal.App.4th at p. 220; *Traders Sports, Inc. v. City of San Leandro* (2001) 93 Cal.App.4th 37, 43.)

**Song-Beverly**

Song-Beverly was enacted to protect the personal privacy of consumers who pay for transactions with credit cards. (*Pineda v. Williams-Sonoma Stores, Inc.* (2011) 51 Cal.4th 524, 534; *Young v. Bank of America* (1983) 141 Cal.App.3d 108, 114.) In furtherance of this objective, the Act, among other things, generally makes it unlawful for a business to "[r]equest, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the [business] writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise." (Civ. Code, § 1747.08, subd. (a)(2).) It defines "personal identification information" as "information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, the cardholder's address and telephone number." (*Id.*, subd. (b).)

The Act's prohibitions do not apply to certain transactions, including, as specifically set forth in the statute, when "the credit card is being used as a deposit to secure payment in the event of default, loss, damage, or other similar occurrence" (Civ. Code, § 1747.08, subd. (c)(1)); cash advance transactions (*id.*, subd. (c)(2)); when personal identification information is contractually required as a condition of the credit card transaction (*id.*, subd. (c)(3)(A)); or when a zip code is requested for the prevention of fraud or theft at a gas pump. (*Id.*, subd. (c)(3)(B).) Courts have additionally excluded from the scope of the Act online transactions involving downloaded products (*Apple*

5

*Inc. v. Superior Court* (2013) 56 Cal.4th 128, 150); transactions involving the return of goods (*The TJX Companies, Inc. v. Superior Court* (2008) 163 Cal.App.4th 80, 87–90); and transactions involving credit cards issued for business purposes. (*Archer v. United Rentals, Inc.* (2011) 195 Cal.App.4th 807, 823–824.)

As particularly relevant here, the Act contains two additional exceptions, both of which Safeway asserted in its demurrer. The first exempts conduct that would otherwise be prohibited by the Act when the retailer "is obligated to collect and record the personal identification information by federal or state law or regulation." (Civ. Code, § 1747.08, subd. (c)(3)(C).) The second creates an exception when "personal identification information is required for a special purpose incidental but related to the individual credit card transaction, including, but not limited to, information relating to shipping, delivery, servicing, or installation of the purchased merchandise, or for special orders." (*Id.*, § 1747.08, subd. (c)(4).) The trial court here concluded that Safeway's conduct fell within the subdivision (c)(3)(C) exception for an obligation imposed by law. We agree.

### Safeway's Obligations Under the Alcoholic Beverage Control Act Brought It Within Exceptions To Song-Beverly

As the California Supreme Court observed, "The regulation of alcoholic beverages in this country has taken a long and twisting path [citations], but regulation has now devolved to the states, who 'enjoy broad power under § 2 of the Twenty-first Amendment to regulate the importation and use of intoxicating liquor within their borders.' " (*In re Jennings* (2004) 34 Cal.4th 254, 260.) Consistent with this power, the California Constitution grants the State of California the exclusive authority to regulate the sale of alcoholic beverages. (Cal. Const., art. XX, § 22, 1st par.; *Ennabe v. Manosa* (2014) 58 Cal.4th 697, 713.) In an exercise of this authority, the Legislature enacted the Alcoholic Beverage Control Act (Bus. & Prof. Code, § 23000 et seq.) (ABCA), the stated purposes of which are to protect "the safety, welfare, health, peace, and morals of the State to eliminate the evils of unlicensed and unlawful manufacture, selling, and disposing of alcoholic beverage, and to promote temperance in the use and consumption of alcoholic beverages." (*Id.*, § 23001.)

The ABCA regulates the manufacture, sale, purchase, distribution, and transportation of alcoholic beverages in California. (Bus. & Prof. Code, § 23000 et seq.) In doing so, it makes it a misdemeanor for a business licensed to sell alcoholic beverages—a licensee (*id.*, § 23009)—to sell an alcoholic beverage to any person under 21 years of age, the constitutionally established legal drinking age in California. (Cal. Const., art. XX, § 22; Bus. & Prof. Code, § 25658, subd. (a); *Strang v. Cabrol* (1984) 37 Cal.3d 720, 723–724.) To satisfy its obligations under the ABCA, a licensee is obligated to verify the age of a customer purchasing an alcoholic beverage to ensure that he or she is 21 years of age or older. (Bus. & Prof. Code, §§ 25658, subd. (a), 25659.) Proof that the licensee "demanded, was shown, and acted upon bona fide evidence" of majority (defined as including a driver's license or other government-issued identification card) in selling an alcohol beverage is a defense to criminal prosecution or any proceeding for the suspension or revocation of its license for having sold alcohol to a minor. (Bus. & Prof. Code, § 25660, subd. (b); *Provigo Corp. v. Alcoholic Beverage Control Appeals Bd.* (1994) 7 Cal.4th 561, 564–565 [although a violation of Business and Professions Code section 25658's prohibition against the sale of alcoholic beverages to minors can occur despite the seller's lack of knowledge that the purchaser is under the age of 21, the seller's liability is not absolute since section 25660 allows the seller to rely on bona fide evidence of majority and identity].)

But a licensee must do more than merely verify that a purchaser of an alcoholic beverage is of legal drinking age. The ABCA also requires a licensee to keep records of its sales of alcoholic beverages, and to make those records available to the Department of Alcoholic Beverage Control.[2] (Bus. & Prof. Code, §§ 25616, 25752, 25755.) The statute

---

[2] The Department of Alcoholic Beverage Control, commonly known as the ABC, is "the state agency charged by our state Constitution with enforcement of the laws relating to the consumption of alcoholic beverages in this state." (*Ennabe v. Manosa, supra,* 58 Cal.4th at p. 702; see also Cal. Const., art. XX, § 22, 5th par. ["The Department of Alcoholic Beverage Control shall have the exclusive power, except as herein provided and in accordance with the laws enacted by the Legislature, to license the . . . sale of alcoholic beverages in this State. . . ."].)

does not specify what the records must contain, instead affording a licensee discretion to determine what constitutes its "records" of alcoholic beverage sales. At least two considerations suggest that the purchaser's date of birth is a fundamental component of these records. First, as noted, a licensee must verify that a purchaser of alcohol is of legal drinking age. Second, proof that the licensee relied on bona fide evidence of the purchaser's age of majority is a defense to a misdemeanor charge of selling alcohol to a minor. A purchaser's date of birth is thus clearly fundamental to the transaction, and the more detailed the records maintained by a licensee such as Safeway, the more able it is to confirm its compliance with the laws prohibiting the sale of alcoholic beverages to minors. The ABCA's purpose of protecting against the unlawful sales of alcoholic beverages is thus advanced by permitting the retailer to record the purchaser's date of birth.

Despite that the trial court held that Safeway's conduct was exempted by the obligation-imposed-by-law exception, the sum total of Lewis's argument as to why this exception did not apply is a single paragraph, stating in its entirety as follows: "An exception to Section 1747.08, subdivision (a)(2)'s prohibition is triggered when the retailer 'accepting the credit card is *obligated* to collect and record the personal identification information by federal or state law or regulation.' (§ 1747.08, subd. (c)(3)(C) [emphasis added by Lewis].) Safeway fails to identify any such law. Granted, Safeway must keep records of alcohol sales and verify that the alcohol purchaser is not a minor, but the law does not require Safeway to *record* purchasers' birthdates. There is no reason Safeway's cashiers cannot simply verify, at the time of sale, the purchaser's age of majority without recording his birthday." Lewis's argument is unpersuasive.

Lewis seeks to read into the ABCA a limitation that the Legislature itself, in enacting the ABCA, chose not to impose. In other words, Lewis's interpretation would interfere with the ABC's authority to regulate its licensees by imposing limitations on the manner in which they must comply with the ABCA, this despite the fact that the ABCA itself does not dictate the method of compliance. Doing so would contravene the

8

mandate that the ABC has the exclusive authority to regulate businesses selling alcohol. (See Cal. Const., Art. XX, § 22 [Legislature may not enact laws inconsistent with the constitutional provision authorizing the ABC to regulate alcohol sales]; Bus. & Prof. Code, § 25750 [ABC shall prescribe rules necessary to carry out Article XX, section 22 of the Constitution and to enable it to exercise powers conferred upon it by that section or by the ABCA]; *Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2002) 100 Cal.App.4th 1066, 1077 [ABC has the authority to regulate alcoholic beverage licenses and the power to liberally construe and strictly enforce the alcoholic beverage control laws].)

Lewis's interpretation also contravenes the mandate of the ABCA that it be liberally construed to accomplish its purposes. (Bus. & Prof. Code, § 23001; see also *id.*, § 23049 [intent of the Legislature was to create "a governmental organization which will ensure a strict, honest, impartial, and uniform administration and enforcement of [California's] liquor laws].) Courts have regularly recognized that the protection of public safety in general, and of minors in particular, prevails over privacy concerns. (See, e.g., *Shaddox v. Bertani* (2003) 110 Cal.App.4th 1406, 1418 [issues of public safety may be paramount to personal privacy]; *Tarasoff v. Regents of University of California* (1976) 17 Cal.3d 425, 442 [protections of personal privacy end where the public peril begins].) And in the event of a conflict with other California statutes or regulations, the ABCA prevails. (*A.B.C. Distributing Co. v. Distillers Distributing Corp.* (1957) 154 Cal.App.2d 175, 190, citing *Nelson v. Reilly* (1948) 88 Cal.App.2d 303, 306 [ABCA "prevails in the event it should conflict with other statutes."].)

Our conclusion finds further support in Civil Code section 1798.90.1, which authorizes a business to "swipe" a driver's license or California identification card into an electronic device to, among other things, verify age or the authenticity of the driver's license or identification card. (Civ. Code, § 1798.90.1, subd. (a)(1)(A).) That same statute authorizes the business to retain and use the information obtained from the electronic swipe for those purposes. (*Id.*, subd. (a)(3).)

9

Finally, Lewis's urged application would create, as Safeway aptly describes it, an absurd result. Under Lewis's interpretation, a licensee that is statutorily obligated to verify that a customer is of legal age to purchase alcohol may record the customer's date of birth if he or she pays with cash, a check, or a debit card. But, as Lewis would have it, if the customer pays by credit card, the retailer is forbidden by Song-Beverly from recording the date of birth. Given the mandate that a licensee maintain records of its alcoholic beverage transactions, there is no rational justification for this distinction. We thus decline to interpret the statute in a manner that would create such a result. (See, e.g., *Simpson Strong-Tie Co., Inc. v. Gore* (2010) 49 Cal.4th 12, 27 [courts may reject a construction that would lead to "absurd results"]; *In re J.W.* (2002) 29 Cal.4th 200, 210 [courts may avoid a statutory interpretation that "would result in absurd consequences that the Legislature could not have intended"].)

Turning to an alternative ground urged by Safeway in its demurrer, we note that in *Lewis v. Jinon Corporation* (2015) 232 Cal.App.4th 1369, the Second District recently affirmed a judgment dismissing a complaint filed by Lewis against a licensee in which he asserted a Song-Beverly violation identical to that asserted against Safeway here. The court held that as a matter of law, proof of age is a special purpose incidental but related to the purchase of alcohol. It thus concluded that the licensee's conduct fell within the exemption set forth in section 1747.08, subdivision (c)(4). (*Id.*, pp. 1376-1377.) We agree with the court's reasoning, and likewise conclude that section 1747.08, subdivision (c)(4) provides an alternative ground for affirming the order sustaining Safeway's demurrer.

Lewis does not argue that the trial court erred in denying leave to amend his complaint. Nevertheless, as he has not demonstrated a reasonable possibility that he could amend his complaint to cure the defects, we conclude the trial court did not abuse its discretion in sustaining Safeway's demurrer without leave to amend. (*Blank v. Kirwan, supra,* 39 Cal.3d at p. 318.)

**DISPOSITION**

The judgment of dismissal is affirmed.

10

_____
Richman, J.

We concur:


_____
Kline, P.J.


_____
Stewart, J.

A140943, *Lewis v. Safeway, Inc.*

11

Trial Court: Alameda Superior Court

Trial Judge: Honorable Wynne S. Carvill

Attorney for Plaintiff and Appellant: Mehrban Law Corporation, Julie Mehrban, Law Offices of Morse Mehrban, Morse Mehrban

Attorneys for Defendant and Respondent: Sheppard, Mullin, Richter & Hampton, P. Craig Cardon, Brian R. Blackman, Elizabeth S. Barcohana, Jay T. Ramsey