Filed 3/8/24  Johnson v. Temecula Valley Unified School District CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| JERRISHA JOHNSON, | |
| Plaintiff and Appellant, | E079727 |
| v. | (Super.Ct.No. MCC2000973) |
| TEMECULA VALLEY UNIFIED SCHOOL DISTRICT, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Craig Riemer, Judge.

Affirmed.

Jerrisha Johnson, in pro. per., for Plaintiff and Appellant.

Walsh & Associates, Dennis J. Walsh, and Arash Arjang for Defendant and

Respondent.

Plaintiff and appellant Jerrisha Johnson appeals from a judgment entered in favor

of defendant and respondent Temecula Valley Unified School District (TVUSD).  The

1

judgment followed TVUSD's successful summary judgment motion. Because the record on appeal is too incomplete to provide meaningful review, we must affirm.

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) "'"A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed."'" (*Id.* at p. 609.)

Johnson's notice of appeal indicated that she was appealing from both the "[j]udgment after an order granting a summary judgment motion" and the "[j]udgment of dismissal after an order sustaining a demurrer." We construe this to mean that she appeals from the final judgment in the case (as to which her notice of appeal was timely), and wishes to raise arguments challenging both the trial court's ruling on TVUSD's demurrer, which disposed of some causes of action, and its ruling on TVUSD's summary judgment motion, which disposed of the others. (See *In re Joshua S.* (2007) 41 Cal.4th 261, 272 ["'notices of appeal are to be liberally construed so as to protect the right of appeal if it is reasonably clear what [the] appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced'"].) However, the record on appeal contains neither the demurrer nor the summary judgment motion. The

record also includes no evidence nor separate statement of undisputed material facts that accompany summary judgment motions, nor does it even contain Johnson's complaint.

A demurrer "tests the legal sufficiency of the allegations in a complaint." (*Lewis v. Safeway, Inc.* (2015) 235 Cal.App.4th 385, 388.) Without being able to review the complaint to determine what the allegations are, we have no ability to determine whether those allegations sufficiently state one or more causes of action. Similarly, a summary judgment motion tests whether there are "triable issues of material fact and the moving party is entitled to judgment as a matter of law." (*Valdez v. Costco Wholesale Corp.* (2022) 85 Cal.App.5th 466, 470.) "A triable issue of material fact exists '"if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof."'" (*California Bank & Trust v. Lawlor* (2013) 222 Cal.App.4th 625, 631.) With no record of what the evidence is, there is no way for a reviewing court to determine what a reasonable factfinder could or could not do.

We infer the claims in the underlying lawsuit from Johnson's opposition to the demurrer, which cites to a complaint not in our record, and the parties' appellate briefs, which both recite a factual history of the case without any record citations. In October 2018, Johnson's daughter, a second grade student, was called a racial epithet ("n---r") by one of her classmates. In February 2019, another one of Johnson's daughters, a fourth grade student, was asked if she was a slave. TVUSD states that the second grade student explained to the teacher that he learned the word from a video game and apologized to

3

Johnson's younger daughter, and that the fourth grade student was autistic and had asked the question to other students but not Johnson's older daughter. Johnson asked for school officials to address both incidents but was ignored. Johnson was eventually served with a "Notice of Unlawful Entry on School Campus" in March 2019. In June 2020, Johnson filed suit, apparently alleging two causes of action for discrimination and retaliation in violation of Title VI of the Civil Rights Act of 1964 (one on behalf of her daughters and one on her own behalf) and two causes of action for discrimination and retaliation in violation of California Education Code section 220 (again on behalf of her daughters and on her own behalf).

The minute order on the demurrer hearing indicates that two of the causes of action were dismissed by the demurrer. The later minute order on TVUSD's summary judgment motion indicates that the claims dismissed via demurrer were those Johnson brought on her own behalf. It states that there are no triable issues of fact and cites to eight facts in a separate statement of facts that is not in our record. The summary judgment order appears to adopt TVUSD's characterization of the facts and granted the motion as to the two remaining causes of action.

Because there is no record from which we can adequately review the allegations or the evidence, Johnson has not met her appellate burden. We therefore find no reversible error.

## DISPOSITION

The judgment is affirmed.  TVUSD to recover its costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL

J.

We concur:

FIELDS

Acting P. J.

MENETREZ

J.